UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FILED**

MAY 2 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JERRY LEWIS BEY,   )
        Plaintiff,   )
    )
    )   Civil No.  **05 1076**
-v-   )
    )
    )
U.S. DEPARTMENT OF JUSTICE,   )
        Defendant.   )

### AMENDED COMPLAINT

1.) This is an amended action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552(a), to order the production of Federal Bureau of Investigation (FBI) records on Plaintiff (Jerry Lewis Bey), residential home telephone number (314) 741-3341 and (314) 355-6721. The information sought is in St. Louis FBI file [245B-5], which is Titled "Jerry Lewis Bey, et.al. Moorish Science temple of America".

2.) These records should <u>only</u> include long-distance toll-records for the month of November 1985. [See Attached Exhibit F]

4

3.) Jurisdiction is incorporated by reference to initial complaint. [See Attached Complaint page 2]

4.) Parties is the same in the initial complaint. [See page 2 of the initial complaint]

## FACTS

5.) On August 30, 2002 plaintiff requested that the FBI disclose to him his November 1985 long distance toll-records on his home telephone numbers (314) 741-3341 and (314) 355-6721, which was being maintained in FBI file [245B-5]. Plaintiff also made the FBI aware that there would be no privacy rights violation as these numbers had been disclosed in open court during his trial and cited Civil Action No. [01-0299 (JDB), Jerry Lewis Bey v. FBI] Plaintiff also cited <u>Accord Cottone v. reno</u>, 193 F.3d 550 (D.C.Cir. 1999). [See Attached Exhibit G]

6.) On December 1, 2002, plaintiff wrote another letter to the FBI inquiring about his August 30, 2002 request for the long distance toll-records on his home telephone. [Exhibit H]

7.) On February 3, 2003 the FBI advised plaintiff that it could not locate any toll-records. [Exhibit I]

8.) On May 9, 2003 plaintiff again wrote to the FBI specifically requesting the long distance toll-records in file [245B-5-333] on his home telephone number (314) 355-6721. [Exhibit J]

9.) On July 23, 2003, plaintiff again wrote tot he FBI in reference to his May 9, 2003 letter and again requested the long distance toll-records on his home number (314) 355-6721 for the months of July 1985-December 1985. [Exhibit K]

10.) On November 12, 2003, the FBI advised that they had processed all the records in file [245B-5] and had released them to plaintiff on November 6, 2003. [Exhibit L]

11.) On November 11, 2003, plaintiff advised in a letter to the FBI that he never recieved any documents nor a letter dated November 6, 2003 as he was tranferred to another prison and requested that these records be sent to the new prison. [Exhibit M]

12.) On November 29, 2003 plaintiff notified the FBI in a letter that he recieved 458 pages of records from file [245B-5] and that he was returning those records as they did not pretain to him nor did they contain his long distance toll-records on his telephone number (314) 355-6721. [Exhibit N]

13.) On December 11, 2003, plaintiff in another letter made another request for his long distance toll-records on his telephone (314) 355-6721. [Exhibit O]

14.) On January 18, 2004, plaintiff notified the FBI that he had not heard back from them regarding his December 11, 2003 FOIA request letter. [Exhibit P]

15.) On February 2, 2004, the FBI advised plaintiff in a letter that there would be no more documents released to plaintiff. [Exhibit Q]

16.) On February 7, 2004 plaintiff filed an appeal with the Office of Information and Privacy regarding the non-disclosure of his home telephone (314) 355-6721 toll-records. [Exhibit R]

17.) On March 4, 2004, plaintiff recieved a letter from the Office of Information and Privacy acknowledging receipt of plaintiff's appeal and gave plaintiff an Appeal No. 967782. [Ex. S]

18.) A year has past since plaintiff recieved the above letter and as of this writing, plaintiff has not been notified of a decision by the Information and Privacy Office.

19.) The actions of defendant stated in paragraphs 5-18, denied plaintiff rights afforded by the United States Laws and the FOIA.

## DEMANDS

20.) The Defendant makes a mistake by not supplying Plaintiff copies of the requested long-distance toll-records, wherefore, this plaintiff's rights were violated. Therefore, Plaintiff demands judgement against the Defendant and Prays that the Court grant the following:

A. That the Court declare the actions of defendant in this case has failed to comply with the FOIPA statutes by improperly withholding agancy records and therefore is outside of establish law.

B. That the Court order defenadnt to reimburse the plaintiff of any cost that he may incur in relation to this action.

C. That the Court order that the requested records be made available to plaintiff.

D. That such relief as this Court may deem appropriate.

This action is filed in the interest of justice, in the spirit of the FOIPA provisions and its intent as well as in the interest of good Faith.

Respectfully submitted,

*Jerry Lewis Bey*
Jerry Lewis Bey/Plaintiff
#22328-044

I, Jerry Lewis Bey, the plaintiff in the herein cause of action do affirm under the penalty of perjury that the foregoing is accurate and true to the best of my ability.

*Jerry Lewis Bey*
Jerry Lewis Bey/Plaintiff
#22328-044

This 18 day of April, 2005.