UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JERRY LEWIS BEY,           ) | |
|                             ) | |
| Plaintiff,                  ) | |
|                             ) | |
| v.                          ) | Civil Action No. 05-1076 (JGP) |
|                             ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
|                             ) | |
| Defendant.                  ) | |

**MOTION FOR ENLARGEMENT OF TIME**

Defendant, by undersigned counsel and pursuant to Fed. R. Civ. P. 6(b), hereby respectfully moves for an enlargement of time of 30 days, up to and including October 7, 2005, in which to move, answer or otherwise respond to the Complaint in this action. Defendant's response would otherwise be due on September 7, 2005. Defendant seeks this enlargement on the following grounds:

As defendant has discussed previously, the Federal Bureau of Investigation ("FBI"), from which plaintiff *pro se* seeks records in this Freedom of Information Act ("FOIA") case, has made significant efforts to locate the documents sought in plaintiff *pro se*'s FOIA request, which are approximately 20 years old. Defendant has sought two previous enlargements in this case based on the FBI's ongoing efforts to undertake a search for the subject documents, and has noted, *inter alia*, that part of the difficulty appeared to be the retirement from the agency of a now-former employee of the FBI's St. Louis field office with specific knowledge about the case that has been extremely time-consuming to replicate. The FBI had notified undersigned counsel that, barring the prospect that the documents were found, it would appear that a declaration would be needed

to document these multiple searches and their outcome, but that the significant caseload faced by FOIA personnel at FBI headquarters who would be preparing such a declaration required additional time.

The last undersigned Assistant United States Attorney received from the FBI this morning a copy of a draft declaration that discusses in great detail the chronology of events involving plaintiff's FOIA request and the unsuccessful efforts undertaken by the FBI to locate the subject documents. The draft declaration, 17 pages long and attaching 18 exhibits, will require careful review and revision to clarify certain matters that, in the undersigned's view, will be of significance to the Court. Due to the demands of the undersigned's litigation schedule over the coming weeks, it will be extremely difficult to complete any dispositive motion earlier than October 7th. The undersigned has two oral arguments before the United States Court of Appeals in the next seven days, one appellate brief due during that period, and one deposition preparation session for what is expected to be a highly adversarial deposition. During the following week, the undersigned has two depositions, one appellate motion, and one motion for summary judgment in a two-year-old FOIA case. Four depositions are scheduled during the week of September 19th. During the week of September 26th, the undersigned will be required to prepare several discovery motions before the impending deadline to do so.

Defendant regrets whatever inconvenience to the Court and to plaintiff may have been occasioned by this request for an additional enlargement of time. In the circumstances presented, however, defendant respectfully submits that the enlargement is warranted.

Defendant's counsel has not conferred with plaintiff *pro se* regarding this motion because plaintiff *pro se* is incarcerated.[1]

An order granting the relief sought is attached hereto.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W., Tenth Fl.
Washington, D.C. 20530
(202) 514-7198
Counsel for Defendant

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss non-dispositive motions with "opposing counsel." It does not require counsel to discuss those motions with *pro se* parties. Nonetheless, it has been the general practice of the United States Attorney's Office in this District to discuss such motions with nonprisoner *pro se* parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). That Rule excludes prisoner *pro se* parties from the Court's meet-and-confer requirements. Specifically, the Rule requires "[c]ounsel (including any nonprisoner *pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a).

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2005, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

Jerry Lewis Bey
R# 22328-044
F.C.I. - Edgefield
POB 725
Edgefield, S.C. 29824

_____
LISA S. GOLDFLUSS
Assistant United States Attorney