UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JERRY LEWIS BEY,

Plaintiff,

-v-

U.S. DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 05-1076 (JGP)

**PLAINTIFF'S MOTION IN OPPOSITION TO SUMMARY JUDGEMENT**

**COMES NOW,** Plaintiff Jerry Lewis Bey, pro se, and respectfully files his motion in opposition to Defendant's motion for entry of summary judgement and states as follows:

Summary judgement may be awarded to an agency in a FOIA case solely on the basis of agency affidavits (or declarations) if the affidavits are "relatively detailed, non-conclusory, and not impunged by evidence ... of bad faith on part of the agency." Public Citizen Inc. v. Dept. of State, 100 F. Supp.2d 10, 16 (D.D.C. 2000)(quoting McGee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983)). However, it's also clear, that "a showing of "bad faith" can defeat a motion for summary judgement in a FOIA case." Twist v. Ashcroft, 329 F. Supp.2d 50, 54 (D.C. Cir. 2004).

RECEIVED
NOV 21 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## I. OMISSIONS AND FALSE STATEMENTS IN DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF SUMMARY JUDGEMENT

Defendant's memorandum contains the following omissions and false statements:

1. In its response to plaintiff's FOIA complaint, defendant states that the only FOIA request that is the subject of the instant action is "plaintiff's request for the toll-records for the two telephone numbers for the duration of the month of November 1985. [p. 1 n.1] The above statement is not only false, but misleading, as the subject of the instant action was for the "release of information in St. Louis main file 245B-5, regarding plaintiff's two ex-wives who authorized the FBI in letters dated April 7, 2004 and April 9, 2004 respectively to release this information to plaintiff. See [Plaintiff's Exhibit A] Furthermore, the request for the November 1985 toll-records were added to plaintiff's amended complaint signed on April 18, 2005, tweleve days after plaintiff signed his initial complaint on April 6, 2005. See[ Plaintiff's Exhibits A and B]

2. Defendant also in its memorandum omits any references to plaintiff's initial complaint signed on April 6, 2005, with attached exhibits showing copies of plaintiff's ex-wives authorizing the release of this information and showing the numerous follow-up letters sent to the FBI by plaintiff inquiring about the two seperate FOIA requests. [memorandum p. 2] see also

[Attached Exhibit A]

3. Defendant further states in its memorandum that "all releasable documents contained in file 245B-5 were subsequently released to plaintiff pursuant to plaintiff's "earlier" FOIA request not subject to this suit. [memorandum p. 6] Again, this is not a true statement as the FBIHQ failed to acknowledge receipt of plaintiff's ex-wives FOIA requests to release records that could be found in file 245B-5 to plaintiff which is the main subject of this suit. [Attached Exhibit A] In addition, the FBI failed to give plaintiff a FOIA request number as it had previously done on other FOIA request by plaintiff, and by ignoring plaintiff's ex-wives FOIA requests and plaintiff repeated letters for more than a year, it prompted plaintiff to file his complaint. [Exhibit A]

4. The memorandum also states that the review of St. Louis file 245B-5 conducted by the St. Louis office and FBIHQ determined that there were no references in this file to plaintiff's other telephone number (314) 741-3341 nor was there any mention of this number anywhere in this file. [memorandum pp. 8 and 16] This is another false statement, as telephone number (314) 741-3341 was not only mentioned in this file, but was referenced at a minimum of 122 times. See [Attached Exhibit C]

Summary judgement is not required where a genuine dispute exist as to a material fact and the party requesting it should not prevail as a matter of law. Anderson v. Liberty Lobby Inc. 477 U.S. 242 (1986). It's undisputed that defendant's memorandum supporting its motion for summary judgement failed to

address plaintiff initial FOIA complaint and in addressing the toll-records issue raised in plaintiff's amended complaint, the memorandum contained misrepresentations, false and misleading statements, omissions and generalized allegations. See, Weisburg v. Dept. of Justice, 745 F.2d 1476, 1448 (D.C. Cir. 1984).

It's clear that in its memorandum, defendant relied solely on plain speculation rather than specific facts regarding the location of the toll-records as evident by the repetitive statement that "the toll-records were "apparently" not retained by the St. Louis Office and filed in St. Louis file 245B-5." [memorandum pp. 7 and 15] Moreover, had defendant satisfied its search obligation imposed upon it under law by conducting a reasonable search for the responsive records, it would have found that telephone number (314) 741-3341 was in fact mentioned 122 times in file 245B-5. [Attached Exhibit C] It's obvious that in conducting the search, the FBI did not use methods "which was reasonably expected to produce the requested information, as evident by the erroneous assertion that no where in file 245B-5 was telephone number (314) 741-3341 mentioned." Oglesby v. Department of The Army, 920 F.2d 68 (D.C. Cir. 1990). It must now be asked "what else did the FBI search fail to locate or inadvertently overlook" ? The fundamental "question is not whether there might exist any other documents (which we now know there is) possibly responsive to plaintiff request, but rather the search for these documents was adequate." Steinberg v. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994)(quoting

Weisberg, 745 F.2d at 1485). This Court in the interest of fairness and the spirit of the FOIA should find that the documents in question has not been properly identified and there are material facts still in dispute and summary judgement should not be granted to defendant. See, Cappabianca v. Commissioner, U.S. Custom Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994)(once documents in issue are properly identified, FOIA cases should be handled on motion for summary judgement)(citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993).

## II. DECLARATION OF DAVID M. HARDY

In support of its motion and memorandum for summary judgement, defendant submits the sworn declaration of David M. Hardy, Attorney and the Section Chief of records/Information Dissemination Section of the FBI Headquartes in Washington, D.C. Mr. Hardy in his declaration acknowledge that the purpose of his declaration is based upon his personal knowledge and information provided to him by the FBI to provide the Court and Plaintiff with a chronology of plaintiff's FOIA request for telephone toll-records for two telephone numbers." [Declaration pp. 1-2] Mr. Hardy makes it very clear that the search conducted was to locate specific telephone toll-records regarding plaintiff's FOIA request. [p.11] It's undisputed that Mr. Hardy's declaration has nothing to do with plaintiff's initial FOIA complaint regarding the release of information on plaintiff's two ex-wives.

Furthermore, Mr. Hardy's declaration also contains the same generalized allegations, naked assertions, omissions and false statements presented in defendant's memorandum, which obviously has caused Mr. Hardy to reach an erroneous conclusion and determination regarding plaintiff's two telephone numbers as he falsely states that telephone number (314) 741-3341 was never mentioned nor was there any reference to it in file 245B-5, and that telephone number (314) 355-6721 was "apparently" not retained and filed in case file 245B-5. [Declaration p. 12] Plaintiff has shown contradictions in the herein memorandum by submitting documentary evidence and it's clear that defendant's motion for summary judgement should be denied. See, Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992) and Fed. R. Civ. P. 56(e).

Mr. Hardy's statement that there was "no reference in file 245B-5 to plaintiff's telephone number (314) 741-3341 is false and it's clear that Mr. Hardy's conclusion was based on an inaccurate search conducted by the FBI, which search was not diligent, as it led Mr. Hardy to conclude and make an erroneous determination based on these searches, that there was no mention nor reference to the above number when in fact it was referenced at a minimum 122 times in file 245B-5." [Declaration pp. 13 and 16], see also, [Attached Exhibit C] It's now undisputed that the searches conducted by the St. Louis office and the FBIHQ was not adequate nor has defendant met its burden. See, Celotex Corp v. Catretti, 477 U.S. 317 (1986); see also, Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982)("if an agency submits affidavits explaining in reasonable detail the scope and

method of the search, then a plaintiff must present countervailing evidence, or there must exist apparent inconsistency of proof, then dismissal nor summary judgement is not appropriate).

Mr. Hardy's conclusion and determination continues to be supported by pure speculations and generalized allegations provided by the FBI, as he states that it is often the case that the FBI would obtain records and documents which upon further review and analysis, would determine these records do not contain any information of investigative and/or evidentiary interest to the particular criminal investigation and in those instances, such records are not retained nor filed by the FBI in the main file of the investigation, and "this is "apparently" what happen to plaintiff's (314) 355-6721 toll-records." [Declaration pp. 14-16][1] The above may often be the case what the FBI do with records during an investigation, however, by stating that "this is apparently what happen to plaintiff's toll-records is nothing more than pure speculation", as defendant provided no evidence showing the toll-records were destroyed pursuant to and in full compliance with the provisions of Title 44, U.S.C. Section 3301 and Title 36 Code of Federal Regulations, Chapter 12, Subchapter B, Part 1228, which is monitored by the D.C. Circuit.

---

1. Defendant in its memorandum and declaration acknowledge that plaintiff's toll-records for telephone number (314) 355-6721 was in the possession of the FBI on January 21, 1986 and it's clear that the location of the toll-records are now based on pure speculation and generalized assumptions. It can be assumed from the inadequate searches that this telephone number and (314) 741-3341 are still being maintained in FBI file 245B-5.

What is clear is that Mr. Hardy attempts to justify the reasoning the FBI failed to release the toll-records by contending that other toll-records obtained around the same time and during the same investigation was also "apparently not retained and filed in St. Louis file 245B-5." [Declaration pp. 14-15] This general speculation is misleading and is contradicted by the July 1983 toll-records on plaintiff's Stoneridge telephone number (314) 355-6721 that was retained and filed in St. Louis file 245B-5 and released to plaintiff by the FBI pursuant to one of his FOIA request. See, [Attached Exhibit D] Moreover, during the course of the same investigation, the FBI retained and filed in file 245B-5 plaintiff's religious organization the Moorish Science Temple of America (MSTA) toll-records from December 1982 up to July 1983 and these records was also released by the FBI to plaintiff pursuant to the FOIA. See, [Attached Exhibit E]

Defendant ask this Court to grant summary judgement in its favor and dismissal of plaintiff's case based on a conclusion and determination supported by omissions, pure speculations, generalized assumptions and false and misleading statements, which is contradicted by documenray evidence and must be denied by this court.[2] Neal, 963 F.2d at 456-57.

---

2. It must be noted that at no time since plaintiff filed his FOIA request on August 30, 2002, seeking the toll-records did the FBI advise that the records were not retained nor filed in St. Louis file 245B-5, rather, the FBI simply refused to release this information stating that all records that was releasable pursuant to the FOIA in file 245B-5 has been released. See, [Motion For Summary Judgement pp. 2-4]

## III. CONCLUSION

As set forth above, the FBI did not respond properly to plaintiff's initial FOIA request nor did the defendant comply with its obligations under the FOIA. Accordingly, plaintiff request that this court deny defendant's motion for summary judgement. Plaintiff further request that this court issue an order requiring defendant to properly address plaintiff's initial complaint regarding the release of information being maintained in FBI St. Louis file 245B-5 on his two ex-wives. In addition, in light of records showing that telephone number (314) 741-3341 was in fact in file 245B-5 at least 122 times, that defendant undertake additional searches. Finally, plaintiff request that this court order defendant to produce any and all records showing whether the toll-records were destroyed and to show whether file 245B-5 or any material therein was released to any individual or agency, their name, title, purpose, need for such information, date of release, the specific information released and person within the FBI that released the information. 5 U.S.C. 552a (b)(C)(A)(B).

Respectfully submitted,

JERRY LEWIS BEY #22328-044
FCI EDGEFIELD
P.O. BOX 725
EDGEFIELD, S.C. 29824

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on this 12th day of November, 2005, a copy of the foregoing was sent by First-Class Mail, postage prepaid to:

**LISA S. GOLDFLUSS, D.C. Bar #417787**
**Assistant United States Attorney**
**501 3rd Street, N.W., 4th Floor**
**Washington, D.C. 20530**

Pursuant to 28 U.S.C. § 1746, I, Jerry Lewis Bey, the pro se plaintiff in the herein cause of action, declare under the penalty of perjury, that the foregoing Motion In Opposition To Defendant's Motion For Summary judgement is true and correct to the best of my ability.

This 12th day of November, 2005.

JERRY LEWIS BEY # 22328-044
PRO SE PLAINTIFF