UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY LEWIS BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1076 (JGP) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR ENLARGEMENT OF TIME**

Defendant, by undersigned counsel, pursuant to Fed. R. Civ. P. 6(b), and for good cause shown, hereby respectfully moves for an enlargement of time of 30 days, up to and including March 6, 2006, in which to reply to plaintiff *pro se*'s opposition to defendant's motion for summary judgment. Defendant's reply would otherwise be due on February 6, 2006. Defendant seeks this enlargement on the following grounds:

Plaintiff *pro se* filed opposition papers with five exhibits that are, in the aggregate, voluminous. The Federal Bureau of Investigation ("FBI") has been working diligently to prepare several declarations that would cover all of the matters addressed by plaintiff *pro se* in his papers and attachments. The last undersigned Assistant United States Attorney, who has primary responsibility for representing the government in this case, received the FBI's draft declarations last Thursday, January 26, 2006, but has been in the process of preparing timely papers in connection with an expedited action involving the United States Marine Corps and another large, complex, six-year-old action, and has not had the opportunity to review those drafts thoroughly. In the next three weeks, counsel is required to file several dispositive motions

and/or opposition/reply memoranda in United States District Court, and in the United States Court of Appeals. The undersigned will also be engaged in condensed discovery schedules in two cases with an impending discovery cut-off dates. Te undersigned is attempting to settle a major cases in which settlement proposals have required considerable research and discussion with several high level officials.

    For the foregoing reasons, defendant respectfully requests that the enlargement sought be granted.

    Defendant's counsel has not conferred with plaintiff *pro se* regarding this motion because plaintiff *pro se* is incarcerated.[1]

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss non-dispositive motions with "opposing counsel." It does not require counsel to discuss those motions with *pro se* parties. Nonetheless, it has been the general practice of the United States Attorney's Office in this District to discuss such motions with nonprisoner *pro se* parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). That Rule excludes prisoner *pro se* parties from the Court's meet-and-confer requirements. Specifically, the Rule requires "[c]ounsel (including any nonprisoner *pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a).

An order granting the relief sought is attached hereto.

    Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____
LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W., Tenth Fl.
Washington, D.C. 20530
(202) 514-7198
Counsel for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 3rd day of February, 2006, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

Jerry Lewis Bey  
R# 22328-044  
F.C.I. - Edgefield  
POB 725  
Edgefield, S.C. 29824

 

_____  
LISA S. GOLDFLUSS  
Assistant United States Attorney