UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY LEWIS BEY, )<br> )<br>Plaintiff, )<br> ) Civil Action No. 05-1076 (JGP)<br>v. )<br> )<br>U.S. DEPARTMENT OF JUSTICE, )<br> )<br>Defendant. )<br> ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT

### I.  INTRODUCTION

In an Amended Complaint filed on or about May 27, 2005, plaintiff sought the production of records regarding two residential telephone numbers once issued to him.  Docket Report 4; see Amended Compl. p 1. Specifically, plaintiff requested "only . . . long-distance toll-records for the month of November 1985."  Amended Comp. at 1.

On or about October 25, 2005, defendant filed a Motion for Summary Judgment ("Def's Motion for Summ. J").  See Docket Report 15.   In the Motion Summary Judgment, defendant explained that, although the FBI "once maintained some records responsive to plaintiff's request, the FBI had undertaken . . . a diligent search of the only files in which responsive records reasonably would be located, and concluded . . . that no responsive records currently exist within the possession and control of the FBI."  Def's Motion for Summ. J. at 2.

On or about November 21, 2005, plaintiff filed a Motion in Opposition to Defendant's Motion for Summary Judgment.  See Docket Report 17.  In his motion, Plaintiff argued that

that 1) defendant did not conduct a reasonable search for responsive records regarding telephone number (314) 741-3341, see Plaintiff's Motion in Opposition to Summary Judgment ("Pltf's Opp to Summ. Judg.") at 4; and 2) did not address his "initial complaint regarding the release of information . . . on his two ex-wives." Id. at 9.

By filing his Amended Complaint without incorporating the contents of his Initial Complaint, it was our view that plaintiff voided the contents of the Initial Complaint, thereby rendering the requests for documents pertaining to his ex-wives null and void. Therefore, Defendant files this Reply to Plaintiff's Opposition to Summary Judgment to address the issues raised in plaintiff's Amended Complaint. However, in order to avoid protracted procedural measures, in a separate filing, defendant will address the matters raised in plaintiff's Complaint. To facilitate review of this matter, the Court is respectfully referred to the Second Declaration of David M. Hardy ("Second Hardy Dec."), which incorporates the declaration of David M. Hardy dated October 25, 2005 ("First Hardy Dec."),[1] and attachments thereto as well as the entire record in this case.

## II.  LEGAL STANDARD

**A.**     **Summary Judgment**

Summary judgment is required where no genuine dispute exists as to any material fact and a party should prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing

---

[1] The First Hardy Declaration was filed with the Court on October 25, 2005 with Defendant's Motion for Summary Judgment.

out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, the plaintiff must present some objective evidence that would enable the court to find that the plaintiff is entitled to relief. In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. Id. at 322-23.

In Anderson, the Supreme Court explained under what circumstances summary judgment is appropriate:

> If the [non-moving party's] evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### B.   Summary Judgment In FOIA Cases

The summary judgment standards set forth above apply to FOIA cases, which are typically decided on motions for summary judgment.  See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).  In a FOIA suit, a federal agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, has not been withheld, is unidentifiable, or is exempt from disclosure.  Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence demonstrating that the documents withheld are exempt from disclosure.  Hayden v. National Security Agency, 608 F.2d 1384, 1386 (D.C. Cir. 1979), cert. denied 446 U.S. 937 (1980); Church of Scientology v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th Cir. 1980).  Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits (or declarations) if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence ... of bad faith on the part of the agency.'"  Public Citizen, Inc. v. Dep't of State, 100 F. Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983)); Citizens Commission on Human Rights v. FDA, 45 F.3d 1325, 1329 (9th Cir. 1995); Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1991).  See also Hayden, 608 F.2d at 1387; Military Audit

Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).

### III.  ARGUMENT

    A.    **Defendant Was Correct in Not Addressing the Issues Raised in Plaintiff's Compliant**

In Plaintiff's Motion in Opposition to Summary Judgment, he argues that defendant did not address the requests in his Complaint regarding the release of information regarding his two ex-wives, being maintained in FBI File # 245B-5.  See Pltf's Opp. to Summ. Judg. at 2, 9. Plaintiff requests that the "court issue an order requiring defendant to properly address plaintiff's initial complaint . . . ."  Id. at 9.  However, plaintiff filed his Complaint on May 27, 2005.  See Docket Report 1.  On that same date, Plaintiff filed an Amended Complaint ("Amend. Compl.") See Docket Report 4.  By filing the Amended Complaint without incorporating the contents of his Complaint, plaintiff voided the contents of the Complaint, thereby rendering the requests addressed therein null and void.  On or about October 25, 2005, defendant filed a Motion for Summary Judgment correctly addressing issues in the Amended Complaint only.  See Docket Report 15.[2]

    B.    **There Were No Long-Distance Toll Records for Telephone Number (314) 741-3341 for the Month of November 1985.**

In the Amended Complaint, plaintiff sought records on residential telephone numbers (314) 741-3341 and (314) 355-6721.  See Amend. Compl. at 1.  Plaintiff indicated that "[t]hese records should only include long-distance *toll-records* for the month of November 1985."  Id. (italics added).  In Defendant's Motion for Summary Judgment, referencing the First Declaration

---

[2] As discussed above, in order to avoid protracted procedural measures, in a separate filing, Defendant, nevertheless, responded to the issues addressed in plaintiff's Complaint.

of David M. Hardy, defendant indicated that "there were no references in [St. Louis file 245B-SL-5] to plaintiff's other telephone number, (314) 741-3341." See Defendant's Motion for Summary Judgment at 8; First Hardy Dec. ¶ 34. Plaintiff argues that this was a false statement because telephone number (314) 741-3341 was referenced in the file "a minimum of 122 times." Pltf's Opp. to Summ. Judg. at 3.

The reviews of St. Louis File 245B-SL-5, by the Chief Division Counsel of the FBI Field Office in St. Louis, Missouri and a Legal Administrative Specialist at Federal Bureau of Investigation Headquarters ("FBIHQ"), were detailed in paragraphs 30 through 41 of the First Hardy Declaration. See Second Hardy Dec. ¶ 14. Paragraph 34 of the First Hardy Declaration indicated:

> these reviews of St. Louis file 245B-SL-5 conducted by the St. Louis Office and FBIHQ also determined that there are no references in this file to plaintiff's other telephone number (314) 741-3341 . . . .

Id. (citing First Hardy Dec. ¶ 34). Paragraph 41 of the First Hardy Declaration indicated:

> there is no documentary evidence contained in this file that the FBI ever attempted to obtain any telephone toll records for this telephone number and there is no mention of this telephone number anywhere in this St. Louis file.

Id. (citing First Hardy Dec. ¶ 41).

However, the information in Paragraphs 34 and 41 of the First Hardy Declaration appears to have been misleading and should be amended. Telephone number (314) 741-3341 is mentioned and referenced in St. Louis file 245B-SL-5. Second Hardy Dec. ¶ 15. However, there is no documentary evidence in the file that *toll records* were obtained for this telephone number. Rather, the telephone number is listed numerous times as having been called from another telephone number on which a pen register was installed pursuant to the criminal narcotics

6

investigation of plaintiff and other individuals.  Id.

"[A] pen register is a device which electronically records only the outgoing telephone numbers called from a telephone on which it is installed."  Id. at ¶ 16.  Actual conversations of the telephone calls or incoming telephone calls to the telephone number are not collected or recorded by a pen register.  Id.  "[T]he information recorded by a pen register consists only of a list of telephone numbers, which may or may not be used for further investigative purposes.  Id. The inclusion of a particular telephone number, such as the telephone number (314) 741-3341, on a list of other telephone numbers called from a telephone on which a pen register is installed would not automatically or necessarily lead to the FBI subsequently subpoenaing the telephone toll records for that particular telephone number."  Id.  Therefore, rather than indicate that telephone number (314) 741-3341 was not mentioned or referenced in the file, the First Hardy Declaration should have indicated that a search produced no *toll records* for that telephone number as plaintiff requested.

> C. The Search Did Not Reveal Toll Records for Telephone Number (314) 355-6721

Plaintiff argues that the explanation for the probable reason why the telephone toll records for telephone number (314) 355-6721 are not in St. Louis file 245B-SL-5 is "pure speculation."  Pltf's Opp. to Summ. Judgment at  4.  However, Paragraphs 36 though 38 of the First Hardy Declaration provided a detailed explanation of the most probable reason why the requested toll records were not in the file.  Second Hardy Dec. ¶ 18.  The First Hardy Declaration indicated that there was documentary evidence that telephone toll records for (314) 355-6721 were obtained through the use of an Administrative subpoena.  Id.; see First Hardy Dec. ¶ 38.

However, there was no documentary evidence that the records were retained in the file. Id. at 39. The First Hardy Declaration also explained that "there were several other instances in . . . file [245B-SL-5] in which telephone toll records of other subjects and suspects of the investigation were obtained through the use of an Administrative Subpoena, but were apparently also not retained and file in the file." First Hardy Dec. ¶ 39. A probable explanation for this occurrence in those instances, and with respect to (314) 355-6721, is that the "toll records were reviewed and analyzed by the FBI and determined to not be of any investigative and/or evidentiary value in the criminal narcotics investigation of plaintiff and other individuals, and thus were thus not retained by the FBI and filed in the St. Louis file." Second Hardy Dec. ¶ 18.[3]

The explanation provided regarding why the toll records plaintiff requested are not in the file is speculative by definition because there is no documentary evidence within the file to explain why the records were not retained and filed. While documentary evidence which indicated that the records were obtained, on January 21, 1986, through the use of an Administrative Subpoena, there is no indication in the file regarding whether they were retained, returned to Southwestern Bell Telephone Company or destroyed. Second Hardy Dec. ¶ 19.[4]

---

[3]Copies of documents in the file which demonstrated this occurrence were provided to plaintiff as Exhibit Q of the First Hardy Declaration. Id. (citing First Hardy Declaration ¶¶ 36-38 and Exhibit Q).

[4]Plaintiff indicated in his Motion in Opposition to Summary Judgment that, pursuant to a prior FOIA requests, he was provided with July 1983 toll records for telephone number (314) 355-6721 as well as toll records from December 1982 though July 1983, for the telephone number of his religious organization. Pltf's Opp. to Summ. Judgment at 8. Therefore, there appears to be no reason why defendant would not have been provided with the toll records he requested if they had been retained and placed in the St. Louis file. In a good faith showing that a search for toll records for (314) 355-6721 was conducted, plaintiff was provided with the existing references to the telephone toll records that were located in the file. These were provided to plaintiff as Exhibit P of the First Hardy Declaration.

In light of the fact that (1) a complete exhaustive search and review of the all of the documents within St. Louis file 245B-SL-5 was undertaken; (2) the search did not locate the telephone toll records for (314) 355-6721, or any documentation regarding why they apparently were not retained; and (3) there are other examples in the file of instances in which toll records were received by Administrative Subpoena, but not retained in the file, "the explanation provided to plaintiff in the First Hardy Declaration, while speculative by definition, is also the most logical and probable explanation to be deduced from the documentary evidence available in the file." Second Hardy Dec. ¶ 20.

Moreover, even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). Additionally, the mere "fact that a document once existed does not mean that it now exists; nor does the fact that an agency created [or received] a document necessarily imply that the agency has retained it." Maynard v. CIA., 982 F.2d 547, 564 (1st Cir. 1993).

**D.     Defendant Conducted a Search Reasonably Calculated to Locate Requested Records**

Defendant argues that the searches conducted, by the FBI, for the telephone toll records were inadequate. However, in Paragraphs 27 through 35 of the First Hardy Declaration, there was a detailed description of the searches conducted for the toll records for telephone numbers (314) 714-3341 and (314) 355-6721 by the Chief Division Counsel of the St. Louis Office as well as a Legal Administrative Specialist at FBIHQ. Second Hardy Dec. ¶ 22; see First Hardy Dec. ¶¶ 27-35. As discussed above, the searches revealed that there was no documentary

evidence indicating that the FBI ever attempted to obtain toll records for telephone number (314) 714-3341. Id. at ¶ 15. In addition, as discussed above, the searches revealed that, while there was documentary evidence that the FBI did obtain toll records for telephone number (314) 355-6721 through the use of an Administrative Subpoena, these records "were apparently not retained by the FBI [nor] subsequently filed in the St. Louis file." Second Hardy Dec. ¶ 22.

FOIA requires agencies to conduct reasonable searches for records issued pursuant to the statute. See Weisburg v. Dep't of Justice, 745 F. 2d at 1485. In this regard, agencies are required to make a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. Dep't of the Army, 920 F. 2d 57, 68 (D.C. Cir. 1990). The fundamental "question is not 'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994), quoting Weisberg, 745 F.2d at 1485. Here, the FBI conducted reasonable searches for the requested records "using methods which [were] reasonably expected to produce the information requested." Oglesby v. Dep't of the Army, 920 F.2d at 68.

Moreover, the FBI considered the possibility that there could be "additional locations where . . . documents concerning these telephone toll records would reasonably be expected to be located, and concluded that there are no other files, apart from the St. Louis file, in which these telephone toll records could reasonably be located. Second Hardy Dec. ¶ 23.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment should be granted..

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
MARIAN L. BORUM, D.C. Bar #435409
Assistant United States Attorney
501 3rd Street, N.W., 4th Floor
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendant

**CERTIFICATE OF SERVICE**

      THIS IS TO CERTIFY that on this _____ day of May , 2006, a copy of the foregoing was sent by First-Class Mail, postage prepaid, to:

**JERRY LEWIS-BEY**
**R22328-044**
**EDGEFIELD FEDERAL CORRECTIONAL INSTITUTION**
**P.O. Box 725**
**Edgefield, SC 29824**

 

_____
MARIAN L. BORUM
ASSISTANT UNITED STATES ATTORNEY