UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY LEWIS BEY,<br><br>    Plaintiff,<br><br>          v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action Number<br>05-1076 (JPG) |

### SECOND DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)  I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate, at various commands and routinely worked with FOIA matters. I am also an attorney, and have been licensed to practice law in the State of Texas since 1980.

(2)  In my official capacity as Section Chief of RIDS, I supervise approximately 224 employees who staff a total of ten (10) units and a field operational service center unit whose

collective mission is to effectively plan, develop, direct and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)   Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act (PA) of 1974, 5 U.S.C. § 552a, collectively referred to as FOIPA. Specifically, I am aware of the treatment which has been afforded the three FOIPA requests of plaintiff, Jerry Lewis Bey, which are at issue in this litigation. The first FOIPA request of plaintiff seeks access to certain telephone toll records for two telephone numbers that were issued to him, which he maintains were obtained by the FBI and filed in St. Louis Office file number 245B-SL-5. The second FOIPA request of plaintiff seeks access to all records concerning his ex-wife Doris Lewis Bey which are contained in St. Louis Office file number 245B-SL-5. The third FOIPA request of plaintiff seeks access to all records concerning his ex-wife Tonya Lewis Bey, also known as Tonya Timmons, which are contained in Springfield Office file number 72-SI-46052. In addition, I am aware of the documents concerning this litigation which have been filed with this Court, including Plaintiff's Initial Complaint dated April 6, 2005; Plaintiff's Amended Complaint dated April 18, 2005; the

Declaration of David Hardy dated October 25, 2005; Defendant's Motion for Summary Judgment dated October 25, 2005; and Plaintiff's Motion in Opposition to Summary Judgment dated November 12, 2005.

(4) The first FOIPA request by plaintiff seeks access to the telephone toll records for two telephone numbers that were issued to him, specifically (314) 741-3341 and (314) 355-6721, for the period of November of 1985. Plaintiff states that these telephone toll records were obtained by the FBI via an Administrative Subpoena pursuant to an Organized Crime Drug Enforcement (OCDE) Task Force investigation of himself. Plaintiff states that these telephone toll records should have been filed in St. Louis file 245B-SL-5 and thus should have been released to him pursuant to his FOIPA requests for all of the documents contained in this St. Louis file. This FOIPA request concerning these telephone toll records was assigned FOIPA Request Number 967782.

(5) This second declaration supplements, and hereby incorporates, the first declaration of David M. Hardy dated October 25, 2005 ("First Hardy Declaration"), which contains information concerning the handling of plaintiff's FOIPA request for the telephone toll records, an explanation of the FBI's Central Records System, a description of St. Louis file 245B-SL-5, descriptions of the document-by-document reviews of this St. Louis file conducted at both the St. Louis Field Office and FBIHQ in an unsuccessful attempt to locate the specific telephone toll records that plaintiff seeks, and an explanation as to why these specific telephone toll records are not filed in this St. Louis file.

(6) The purpose of this declaration is to provide the Court and the plaintiff with the

FBI's responses to the issues that plaintiff raises in the Plaintiff's Motion in Opposition to Summary Judgment dated November 12, 2005 ("Plaintiff's Opposition Motion"). The issues contained in Plaintiff's Opposition Motion are a) that the FBI failed to address the issues concerning his two other FOIPA requests to the FBI for records pertaining to his two ex-wives that are contained in his Initial Complaint dated April 6, 2005; b) that the FBI falsely stated in the First Hardy Declaration that his former telephone number (314) 741-3341 is not mentioned or referenced in St. Louis file 245B-SL-5 because this telephone number is mentioned numerous times in pen register records which were provided to him by the FBI pursuant to another FOIPA request; c) that the FBI's explanation of the probable reason as to why the telephone toll records that he seeks were not filed in St. Louis file 245B-SL-5 is pure speculation and generalized allegations; and d) that the FBI has therefore not conducted an adequate search of its records for the telephone toll records for telephone numbers (314) 741-3341 and (314) 355-6721 for the period of November of 1985.

### PLAINTIFF'S INITIAL COMPLAINT AND SUPERSEDING AMENDED COMPLAINT

(7) In Plaintiff's Opposition Motion, plaintiff states that the FBI is in error by stating that the only subject of this litigation is "plaintiff's request for the toll-records for the two telephone numbers for the duration of the month of November 1985", which was the subject of his Amended Complaint dated April 18, 2005. Plaintiff further states that the FBI did not respond to his Initial Complaint dated April 6, 2005, concerning two other FOIPA requests to the FBI for records pertaining to his two ex-wives, from whom plaintiff obtained notarized authorizations for release of their records to himself. (**See Plaintiff's Opposition Motion,**

-4-

**Pages 2, 3, 5 and 6).**

(8) Plaintiff attaches to Plaintiff's Opposition Motion a copy of his Initial Complaint dated April 6, 2005 ("Initial Complaint") as Plaintiff's Exhibit A. In his Initial Complaint, plaintiff details his FOIPA requests to the FBI for records located in FBI file number 245B-SL-5 concerning his two ex-wives, Tonya Lewis Bey and Doris Lewis Bey. Plaintiff also states that the FBI has failed to comply with the FOIPA statutes by not supplying him with copies of the requested records concerning Tonya Lewis Bey and Doris Lewis Bey and asks for relief by requesting that the Court order the FBI to make available to him the requested records. (**See Plaintiff's Opposition Motion, Plaintiff's Exhibit A).**

(9) Plaintiff attaches to Plaintiff's Opposition Motion a copy of his Amended Complaint dated April 18, 2005 ("Amended Complaint") as Plaintiff's Exhibit B. In his Amended Complaint, plaintiff details his FOIPA request to the FBI for records located in the St. Louis Field Office file number 245B-SL-5 concerning the telephone toll records for two telephone numbers that were issued to him, specifically (314) 741-3341 and (314) 355-6721, for the period of November of 1985. Plaintiff also states that the FBI has failed to comply with the FOIPA statutes by improperly withholding agency records concerning these telephone toll records and asks for relief by requesting that the Court order the FBI to make available to him the requested records. (**See Plaintiff's Opposition Motion, Plaintiff's Exhibit B).**

(10) In Plaintiff's Opposition Motion, plaintiff states that although the FBI did respond to the issues contained in his Amended Complaint concerning his FOIPA request for the telephone toll records in the First Hardy Declaration, it has failed to address the issues contained

in his Initial Complaint concerning his FOIPA requests for records concerning Tonya Lewis Bey and Doris Lewis Bey. It should be noted, however, that by filing his Amended Complaint with the Court without incorporating the contents of his Initial Complaint, plaintiff voided the contents of his Initial Complaint since the contents of the Amended Complaint superseded the contents of the Initial Complaint. By not including and incorporating the contents of his Initial Complaint into the contents of his Amended Complaint, plaintiff inadvertently rendered the issues before the Court concerning his FOIPA requests for FBI records pertaining to Tonya Lewis Bey and Doris Lewis Bey null and void. Thus, these issues concerning his two FOIPA requests for records concerning his two ex-wives were not addressed in the First Hardy Declaration.

(11)   However, the Third Declaration of David M. Hardy, which is also being submitted to the Court and plaintiff simultaneously with this Second Declaration of David M. Hardy, will address the FBI's handling of plaintiff's two FOIPA requests for records concerning his ex-wives Doris Lewis Bey and Tonya Lewis Bey, who is also known as Tonya Timmons. In accordance with Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), the third declaration will provide the Court and plaintiff with an explanation for the procedures used in searching, reviewing and processing of the FBI records responsive to these two FOIPA requests, and provide justifications for the withholding of certain information in these records pursuant to Privacy Act Exemption (j)(2), 5 U.S.C. § 552(a) (j)(2), and FOIA Exemptions (b)(2), (b)(6), (b)(7)(C), and (b)(7)(D), 5 U.S.C. § 552 (b)(2), (b)(6), (b)(7)(C) and (b)(7)(D).

**PLAINTIFF'S ASSERTION THAT THE FBI FALSELY STATED IN THE FIRST HARDY DECLARATION THAT HIS FORMER TELEPHONE NUMBER (314) 741-3341 IS NOT MENTIONED OR REFERENCED IN ST. LOUIS FILE**

(12)   In Plaintiff's Opposition Motion, plaintiff states that the FBI falsely stated in the First Hardy Declaration that the review of all of the documents contained in St. Louis file 245B-SL-5 determined that there are no mentions or references within this file to his former telephone number (314) 741-3341.  (**See Plaintiff's Opposition Motion, Pages 5 and 6**).

(13)   The reviews of St. Louis file 245B-SL-5 by the Chief Division Counsel of the FBI Field Office in St. Louis and a Legal Administrative Specialist at FBIHQ are detailed in Paragraphs 30 through 35 of the First Hardy Declaration.  In Paragraphs 34 and 41 of the First Hardy Declaration, it is stated that "these reviews of St. Louis file 245B-SL-5 conducted by the St. Louis Office and FBIHQ also determined that there are no references in this file to plaintiff's other telephone number (314) 741-3341" and that "there is no documentary evidence contained in this file that the FBI ever attempted to obtain any telephone toll records for this telephone number and there is no mention of this telephone number anywhere in this St. Louis file."
(**See First Hardy Declaration, Paragraphs 30 through 35 and Paragraph 41**).

(14)   It should be noted that the information stated in Paragraphs 34 and 41 should be amended.  There are mentions and references to telephone number (314) 741-3341 in St. Louis file 245B-SL-5 in relation to this telephone number being called from another telephone number on which a pen register was installed by the FBI pursuant to the criminal Narcotics investigation of plaintiff and several other individuals.  However, the reviews of the St. Louis file did not locate any documentary evidence that the FBI ever attempted to obtain any telephone toll records

-7-

for this telephone number. Therefore, Paragraphs 34 and 41 of the First Hardy Declaration should be amended to state that there are no mentions or references to telephone number (314) 741-3341 in St. Louis file 245B-SL-5 in relation to any telephone toll records; however, this telephone number is mentioned and referenced in this file in relation to its inclusion on lists of telephone numbers called from another telephone number on which a pen register was installed by the FBI pursuant to the criminal Narcotics investigation of plaintiff and several other individuals. We regret the inexact statements made in Paragraphs 34 and 41 of the First Hardy Declaration, which should have been qualified to state that there are no telephone toll records in this St. Louis file for telephone number (314) 741-3341.

(15) It should also be noted that a pen register is a device which electronically records only the outgoing telephone numbers called from a telephone on which it is installed. No other information, such as the actual conversations of the telephone calls or incoming telephone calls to the telephone number, is collected or recorded by a pen register. Thus, the information recorded by a pen register consists only of a list of telephone numbers, which may or may not be used for further investigative purposes. The inclusion of a particular telephone number, such as the telephone number (314) 741-3341, on a list of other telephone numbers called from a telephone on which a pen register is installed would not automatically or necessarily lead to the FBI subsequently subpoenaing the telephone toll records for that particular telephone number.

**PLAINTIFF'S ASSERTION THAT THE FBI'S EXPLANATION OF THE PROBABLE REASON AS TO WHY PLAINTIFF'S TELEPHONE TOLL RECORDS ARE NOT FILED IN ST. LOUIS FILE 245B-SL-5 IS PURE SPECULATIONS AND GENERALIZED ALLEGATIONS**

(16) In Plaintiff's Opposition Motion, plaintiff states that the explanation of the

probable reason as to why the telephone toll records for telephone number (314) 355-6721 are not filed in St. Louis file 245B-SL-5 is pure speculation and generalized allegations. **(See Plaintiff's Opposition Motion, Pages 7 and 8).**

(17)   In Paragraphs 36 through 38 of the First Hardy Declaration, there is a detailed explanation of the most probable reason as to why the telephone toll records for telephone number (314) 355-6721, for which there is documentary evidence in the file that these toll records were obtained by the FBI through the use of an Administrative Subpoena on January 21, 1986, were not subsequently retained and filed in the St. Louis file. As detailed in these paragraphs, the most probable explanation is that these telephone toll records were reviewed and analyzed by the FBI and determined to not be of any investigative and/or evidentiary value in the criminal Narcotics investigation of plaintiff and other individuals and were thus not retained by the FBI and filed in the St. Louis file. These paragraphs also provide examples within this file of telephone toll records for other telephone numbers, which were also obtained by the FBI through the use of Administrative Subpoenas and which were also apparently not retained by the FBI and filed in the St. Louis file. In addition, copies of the documents in this file which concern the other telephone numbers used as these examples are provided to plaintiff as Exhibit Q of the First Hardy Declaration. **(See First Hardy Declaration, Paragraphs 36 through 38 and Exhibit Q).**

(18)   The explanation provided in the First Hardy Declaration is speculative by definition only because there is no documentary evidence within the file to explain why these telephone toll records were apparently not retained by the FBI and filed in the St. Louis file. The

-9-

only references to the telephone toll records for telephone number (314) 355-6721 in this file are within the documents which are detailed in Paragraph 33 of the First Hardy Declaration and are provided to plaintiff as Exhibit P of the First Hardy Declaration. These documents record the fact that the FBI did obtain telephone toll records for telephone number (314) 355-6721 through the use of an Administrative Subpoena on January 21, 1986. However, there is no documentary evidence within this file as to whether these toll records were either subsequently retained, returned to the Southwestern Bell Telephone Company or destroyed by the FBI. **(See First Hardy Declaration, Paragraph 33 and Exhibit P).**

(19)   Inasmuch as the complete and exhaustive review of all of the documents within the St. Louis file has not located either these telephone toll records or any documentation as to why these toll records were apparently not subsequently retained by the FBI and given that there are other examples within the file of telephone toll records which were also obtained by the FBI and also apparently not retained and filed in this file, the explanation provided to plaintiff in the First Hardy Declaration, while speculative by definition, is also the most logical and probable explanation to be deduced from the documentary evidence available in the St. Louis file.

### PLAINTIFF'S ASSERTION THAT THE FBI HAS NOT CONDUCTED AN ADEQUATE SEARCH FOR THE TELEPHONE TOLL RECORDS

(20)   In Plaintiff's Opposition Motion, plaintiff states that the FBI has not conducted an adequate search for the telephone toll records for telephone numbers (314) 355-6721 and (314) 741-3341, which he states are filed in St. Louis file 245B-SL-5. **(See Plaintiff's Opposition Motion, Pages 4 through 8).**

(21)   In Paragraphs 27 through 35 of the First Hardy Declaration, there is a detailed description of the searches for the telephone toll records pertinent to plaintiff's request and the complete and exhaustive review of all of the documents contained in St. Louis file 245B-SL-5 for the telephone toll records for telephone numbers (314) 355-6721 and (314) 741-3341 by the Chief Division Counsel of the St. Louis Office and a Legal Administrative Specialist at FBIHQ. This review of the St. Louis file determined that there is documentary evidence that the FBI did obtain telephone toll records for telephone number (314) 355-6721 through the use of an Administrative Subpoena on January 21, 1986. However, this review also determined that the actual telephone toll records for this telephone number were apparently not retained by the FBI and subsequently filed in the St. Louis file. In addition, this review determined that there is no documentary evidence within this file as to whether these toll records were either subsequently retained, returned to the Southwestern Bell Telephone Company or destroyed by the FBI. This review also determined that there is no documentary evidence within this file that the FBI ever obtained any telephone toll records for telephone number (314) 741-3341. **(See First Hardy Declaration, Paragraphs 27 through 35).**

(22)   The FBI considered the possibility that there may be additional locations where the requested documents concerning these telephone toll records would reasonably be expected to be located, and concluded that there are no other files, apart from the St. Louis file, in which these telephone toll records could reasonably be located. The FBI has thus searched in all logical locations and has completely reviewed all of the documents in the St. Louis file in an attempt to located the telephone toll records that plaintiff seeks and has been unable to locate them.

-11-

## CONCLUSION

(23)    In response to the issues that plaintiff raises in the Plaintiff's Opposition Motion, the FBI has determined that plaintiff inadvertently voided the issues contained in his Initial Complaint concerning two FOIPA requests to the FBI for records pertaining to his two ex-wives because he did not incorporate these issues in his superseding Amended Complaint concerning his FOIPA request to the FBI for the telephone toll records for telephone numbers (314) 355-6721 and (314) 741-3341. Although plaintiff technically voided the issues in his Initial Complaint, the Third Declaration of David M. Hardy, which is being submitted to the Court and plaintiff simultaneously with this declaration, provides the Court and plaintiff with information concerning the handling of these two FOIPA requests concerning his ex-wives and justifications for the FOIPA exemptions used to withhold from disclosure certain information in the responsive records.

(24)    The FBI has also determined that the information stated in Paragraphs 34 and 41 of the First Hardy Declaration concerning no mentions or references to telephone number (314) 741-3341 in St. Louis file 245B-SL-5 should be amended to state that that there are no references or mentions of telephone number (314) 741-3341 in St. Louis file 245B-SL-5 in relation to any telephone toll records; however, this telephone number is mentioned and referenced in this file in relation to its inclusion on lists of telephone numbers called from another telephone number on which a pen register was installed by the FBI pursuant to the criminal narcotics investigation of plaintiff and several other individuals.

(25)    The FBI has also determined that while the explanation in the First Hardy

Declaration as to the probable reason why plaintiff's telephone toll records for telephone number (314) 355-6721 are not filed in the St. Louis file is speculative by definition, it is also the most logical and probable explanation to be deduced from the documentary evidence available in the St. Louis file inasmuch as there is no documentary evidence within this file as to whether these toll records were either subsequently retained, returned to the Southwestern Bell Telephone Company or destroyed by the FBI.

(26)   The FBI has also determined that all logical locations have been searched and all of the documents contained in the St. Louis file have been completely reviewed in an attempt to locate the telephone toll records that plaintiff seeks and that the FBI has been unable to locate them or to determine if these toll records were either subsequently retained, returned to the Southwestern Bell Telephone Company or destroyed by the FBI.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of May, 2006.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Federal Bureau of Investigation
Washington, D.C.