UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JERRY LEWIS BEY,                    )
                                    )
              Plaintiff,            )
                                    )
-v-                                 )      Civil Action Number
                                    )
                                    )       05-1076 (JGP)
U.S. DEPARTMENT OF JUSTICE,         )
                                    )
              Defendant.            )
                                    )

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR ENTRY OF  SUMMARY  MOTION

Comes Now Plaintiff, Jerry Lewis Bey, pro se, and respect-fully files his second Motion in Opposition to Defendant's second motion for entry of summary judgement and states as follows:

Indeed, Defendant correctly points out that where no gen-uine dispute exist as to any material fact, summary judgement is required. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).   However, as in the instant case, where there exist a genuine issue of material fact that is in dispute and would change the outcome of the litigation, summary judgement is not required.  Id. at 247.   Defendant has acknowledged in its pleadings that at <u>no</u> time did it conduct "a reasonable search

RECEIVED

JUN - 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

for records on plaintiff's ex-wife Tonya Brown aka Tonya Lewis
Bey that was being maintained in St. Louis FBI file 245B-5
which was the subject of plaintiff's April 9, 2004 and May 3,
2004 FOIA request to Federal Bureau of Investigation Headquar-
ters ("FBIHQ")."   Thus, it's clear from Defendant's own ad-
mission and the record of the case that Plaintiff has made a
"sufficient showing on an essential element of his case to
establish a genuine dispute as required by the Supreme Court."
Celotex Corp v. Catrett, 477 U.S. 317, 322-23 (1986).   This
summary judgement standard set forth in Celotex also apply to
FOIA cases which are typically decided on motions for summary
judgement.  See Cappabianca v. Commission U.S. Customs Ser-
vice. 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents
in issue are properly identified, FOIA cases should be handled
on motions for summary judgement.")   In the instant case,
the documents in issue has not been properly identified as there
has not been a search conducted for them  as acknowledged by
Defendant, thus, Defendant is not entitled to an entry of sum-
mary judgement as a matter of law.  Miscavige v. IRS, 2 F.3d
366, 368 (11th Cir. 1993).

## I.    Doris Lewis Bey's Records From FBI File 245B-5

To begin with, Defendant [p.2] of its Statement of Undis-
puted Material Facts is correct that by letter dated July 15,
2003 FBIHQ released 5 0f 15 pages of documents to plaintiff
from St. Louis FBI file 245B-5 pursuant to plaintiff's FOIA

request.    Plaintiff in the process of being tranferred from
U.S. Penitentiary Beaumont to FCI Edgefield, inadvertently
placed the 5 documents he recieved from FBIHQ on his ex-wife
Doris Lewis Bey and sent them to his residence in St. Louis
along with other legal property he no longer needed.   Plain-
tiff having thought he had lost these records filed another
FOIA request with the FBIHQ where he recieved no acknowledge-
ment that his request had been recieved, which later prompted
plaintiff to file the instant civil matter.    Since the filing
of the herein civil matter, plaintiff located the 5 pages through
a family member intense search of his numerous legal and personal
property boxes he has sent home over the past ten-years. Thus,
the issue raise regarding the records in FBI St. Louis file 245B-5
on plaintiff's ex-wife Doris Lewis Bey is moot as plaintiff
accepts defendant representation that there is no more records
in file 245B-5 to be released.


II.    **Tonya Brown, AKA Tonya Lewis Bey Records From
       FBI File 245B-5**


    Notably, nowhere in plaintiff's pleadings (05-1076) did
he ever make a FOIA request for records from the FBI field
office in Springfield, Illinois ("Springfield Office") regarding
his ex-wife maiden name Tonya Brown.    The record show that
plaintiff on April 9, 2004 and May 3, 2004 made a specific re-
quest through his ex-wife Tonya Lewis Bey and himself for records
being maintained in St. Louis FBI office file 245B-5 on Tonya

-3-

Brown, who was his girlfriend back in 1983 when the 245B-5 in-
vestigation was conducted.    The records will show that that
by letter dated July 6, 2003, plaintiff made a FOIA request
to the FBI filed office in Springfield,Illinois ("Springfield
Office") for all records in file number 72-SI-46052 that per-
tained to my ex-wife Tonya Lewis Bey aka Tonya Timmons.    Again,
the record will show that the Springfiled Office file was con-
ducted in 1992 and plaintiff was married to Tonya Lewis Bey
and they were later divorced  and she remarried around 2000
and became Tonya Timmons.    Thus, it's clear that the Spring-
field Office FOIA request (which was released to plaintff) has
nothing to do with the FOIA request made nearly a year later
on April 9, 2004 and in a different name.    In addition, de-
fendant [p.6] omits any reference to Tonya Brown being Tonya
Lewis Bey maiden name or being also known as Tonya Brown.
It should be further pointed out that the Springfield office
released 79 pages to plaintiff back in 2003 and plaintiff was
satifised with the release and the request was administratively
closed.    Thus, this issue now being raised by defendant should
be found by this Court as moot. [1]

     Defendant [p.6 at 20) misquotes Tonya Lewis Bey's April
9, 2004 letter to FBIHQ as she never requested that records
in her maiden name Tonya Lewis Bey be released to her ex-hus-

---

     1.    It's noteworthy to point out that the only FOIA request
made by plaintiff that was not given a FOIA request Numner was
the one made for records on Tonya Brown nor was the request
acknowledged recieved until Defendant filed its pending responses.

-4-

band (plaintiff), rather she specifically made it clear that the records being sought in St. Louis file 245B-5 **"would be found in the name Tonya Brown, which was her name at that time."**

Defendant [p.6 at 21] also misquotes plaintiff's May 3, 2004 letter to FBIHQ as plaintiff never inquired about any records on his ex-wife Tonya Lewis Bey, rather, plaintiff like his ex-wife, specifically **"pointed out that the records sought would be found under the name Tonya Brown, not Lewis Bey nor Timmons."** See [Def. Exh. U]

Defendant [p.6 at 22] statement is misleading as plaintiff in his July 21, 2004 letter inquired about the status of his FOIA request concerning Tonya Brown regarding file 245B-5 not Tonya Lewis Bey. See [Def. Exh. V]   There never was a FOIA request for records on Tonya Lewis Bey for records in file 245B-5 as claimed by defendant.

Defendant [p.6 at 23] again claim that plaintiff in his September 20, 2004 letter to FBIHQ inquired about the status of his FOIPA request concerning Tonya Lewis Bey. See [Def. Exh. W]   This claim is also misleading as again there never was a request for records in the above letter nor any letter in 2004 for records on Tonya Lewis Bey.   The letter in question show that plaintiff complained about not hearing from the FBI regarding the April 7, 2004, May 3, 2004 and the August 3, 2004 letters sent to FBIHQ by plaintiff and his ex-wife Tonya Timmons.

Plaintiff also inquired to the FBIHQ why he hadn't recieved a
FOIA request number regarding the above FOIA request in the above
letters which was the normal procedure.[2]    Defendant's Exh. W
clearly show that plaintiff's request has always been for records
on Tonya Brown.

What is clear is that Plaintiff on June 21, 1999 recieved
a letter from a John M. Kelso Jr., Chief FOIA Section of the
FBI who advised plaintiff that the St. Louis file 245B-5 in
its red wallets (1A127) contained a 4/30/86 to 7/31/86 surveil-
lance log.    Plaintiff in February 2000 recieved a copy of
the surveillance log which came as a result of an undercover
surveillance appartment used by the task force which the FBI
was a part of and the apartment was across from plaintiff's
apartment he shared with his girlfriend Tonya Brown and their
daughter.    Pursuant to the FOIA, Tonya Brown's name was de-
leted from the surveillance log as it contains numerous entries
of her, plaintiff and their daughter. See Plaintiff Exh. E
According to the log, surveillance photos was also taken of
Tonya Brown, her daughter and plaintiff and it appears that
these  photos are being maintained in file 245B-5-383 and 245F-
5-420.    Plaintiff Exh. F    Plaintiff is also aware from other
records he have recieved from the FBi pursuant to his numerous
FOIA requests that file 245B-5 also contains records of Tonya

---

2. Defendant (FBI) never assigned plaintiff a FOIA request
number for records on Tonya Brown from file 245B-5 nor responded
to any of his letters.    However, Defendant (FBI) responded
to plaintiff's FOIA request for records on Doris Lewis Bey from
file 245B-5 and assigned plaintiff Request Number (976807).

Brown's lease on the apaprtment at the Country Side Apartment
Complex where we lived, telephone records that was in her name,
which was also the telephone that the pen-register was attached
to.    Plaintiff in his initial complaint requested this informa-
tion and other in file 245B-5.

### III. David M. Hardy's Second Declaration

It's interesting to note that David M. Hardy's ("Hardy's
Declaration") p.5 at 8 also claim that plaintiff's initial com-
plaint made a request to the FBI for records located in FBI
file 245B-5 concerning his ex-wives Doris Lewis Bey and Tonya
Lewis bey and points to plaintiff's Exh. A which is his initial
complaint.    Hardy's Declaration too conviently omits that
on page 2 of Exh. A, it show that plaintiff Exh. B was a April
9, 2004 letter from plaintiff and according to that letter it
clearly stated that the request **was for records on Tonya Brown."**
See Plaintiff Exh. B and Defendant Exh. T and U)    Hardy's
Declaration(pp. 5-6 at 10) continues to claim that the issue
in plaintiff's initial complaint concerned Tonya Lewis Bey and
not Tonya Brown, which clearly suggest that David M. hardy never
read the April 7, 2004 and May 3, 2004 letters sent to FBIHQ.
[Exh. A & B]

Hardy's Decl. [p.6] also avers that by plaintiff not incor-
porating the contents of his Amended Complaint it superceded
the Initial Complaint as plaintiff has inadvertently rendered
the issues before the Court concerning his FOIA requests for

FBI records pertaining to his two ex-wives null and void. Plaintiff has never claimed to be an attorney nor has he attended Law School, rather, he is an incarcerated pro se plaintiff who has no legal assistance and his pleading in the instant case are to be liberally construed and held to a less stringent standard than those of an attorney.    See   Haines v. Kerner, 404 U.S. 519 (1972).

Hardy's Declaration [p.6 at 11] acknowledge that plaintiff ex-wife was also known as Tonya Timmons, however, nowhere do he acknowledge that she was also known as Tonya Brown as was specifically stated in the April 7, 2004 and May 3, 2004 FOIA request letters to FBIHQ.    In addition, nowhere in this Declaration do it show a search was ever conducted for records responsive to the above request in the two letters.

Hardy's Declaration[p. 7 at 14] acknowledge that the information in his first Declaration in paragraph 34 and 41 was in error and should be amended.    It must be pointed out that the pen-register mentioned by Hardy's Declaration [p.7 at 14] is the pen-register that was attached to Tonya Brown's telephone in April 1986 on telephone number (314) 741-3118., according to FBI records in file 245B-5.

Hardy's Declaration [p.8 at 15]  also claim that plaintiff number that was recorded on the pen-register **"may or may not"** been used for further investigative purposes and would not necessarily lead to the FBI subsequently subpoening the telephone toll records for that particular telephone number.  First,

-8-

plaintiff was the target of that investigation and both tele-
phone numbers (314) 355-6721 and (314) 741-6721 was both in
his name and it's inconceivable that the FBI who was conducting
a large scale drug investization would subpoena records on one
number and not the other.    Hardy Decl. [p.11 at 21-22] also
claim that "apparently" the FBI did not retain the toll-records
on (314) 355-6721 as there is no documentary evidence within
the file and the FBI considered other locations and concluded
there was no other files apart from the St. Louis file as the
FBI has searched in all logical locations and has not been able
to locate them.    Nowhere in the Declaration do it show that
the FBI who was part of another task force that led to plain-
tiff's indictment in 1991 was asked about these records.  Plain-
tiff's indictment charged a thirteen year conspiracy which in-
cluded the time frame of the toll-records and according to
records released to plaintiff in previous FOIA request, all
records on plaintiff in FBI file(s) was taken to the U.S.
Attorney's Office, Eastern District of Missouri.   It's clear
that these records did not just up and disappear.

## IV.    David M. Hardy's Third Declaration

David M. Hardy's Third Declaration ("Hardy's Declaration")
p.2 at 3, claim that he is aware of the treatment which has
been afforded Plaintiff's three FOIA requests which are at issue
in this litigation.    Plaintiff agree with the first two request
pointed out by Hardy's Declaration, however, strongly disagree

with the assertion that the third request that plaintiff sought access to all records concerning Tonya Lewis Bey aka Tonya Timmons which was contained in Springfield Office in file number 72-SI-46052. This assertion is false as this request has never been at issue in this Civil litigation. It's undisputed that the third request was for records on Tonya Brown aka Tonya Lewis Bey in file 245B-5 which is a St. Louis FBi field office and has nothing to do with Springfield, Illinois. See Def. Exh. T]

Hardy's Declaration [p.9 at 26] again omits that the April 9, 2004 FOIA request was for records in FBI file 245B-5 on Tonya Brown and not Tonya Lewis Bey. [Def. Exh. T]

Hardy's Declaration [p.9 at 27] finally acknowledged that the information sought was on Tonya Brown as the FBIHQ recieved a letter dated May 3, 2004 from plaintiff who attached a copy of the April 9, 2004 letter from his ex-wife Tonya Timmons aka Tonya Lewis Bey who had remarried and was no longer Tonya Lewis Bey.

Hardy's Declaration [p.9 at 28 & 29] now claim the FOIA request was on Tonya Lewis Bey aka Tonya Timmons which again is false. There never was any request for records from the St. Louis office for records in file 245B-5 on Tonya Lewis Bey nor Tonya Timmons.

It should be clear to this Court that Defendant has not inadvertently omitted the name of the requester by misstaking that it was for records on Tonya Lewis Bey and not Tonya Brown as the record of this case clearly show that plaintiff could not have been any more specific about what name

the records in file 245B-5 would be under which was Tonya Brown.
Hardy's Declaration[pp.37-38 at 87] also asserts that the FBi
has released all segregable information from the records respon-
sive to plaintiff's two FOIA requests concerning his two ex-
wives.    Again, this argument is flawed as there is not one
line in Hardy's thirty-eight page Declaration where he mention
there was a search conducted by the FBI to locate any records
in file 245B-5 on Tonya Brown which would have been responsive
to plaintiff's request.

Finally, Defendant [p.5 at A] in its reply to Plaintiff's
Opposition To Summary Judgement is incorrect that plaintiff
filed his Initial Complaint and Amended Complaint on May 27,
2005 and failed to incorporate the contents of the Initial Com-
plaint into his Amended Complaint thereby rendering the re-
quests therein null and void.    The record in this case show
that plaintiff mailed his Initial Complaint to the Clerk of Court
on April 6, 2005 and his Amended Complaint on April 18, 2005.
See Pltf's Exh. A & B.    The record will also show that plain-
tiff's[Exh. B p.2 at 3 & 4 ] made it clear that jurisdiction
was incorporated by reference to his Initial Complaint and that
the parties was the same as in the Initial Complaint.

In conclusion, there still exist material facts in dispute
which clearly show that Defendant is not entitled to an entry
of summary judgement as it must be denied as Defendant has not
satisfied its obligation under the FOIA as the record in this
case contradicts the assertions in Defendant's Motion for Summary

-11-

Judgement, Statement of Undisputed Facts, Defendant Reply Motion, and David hardy's two Declarations.    There has not been an adequate search, nor any search conducted by the FBI for any records in file 245B-5 on Tonya Brown the subject of plaintiff's FOIA request.    Nor did plaintiff's April 9, 2005 and May 3, 2005 FOIA request ask for any records on Tonya Lewis Bey or records in her name from the Springfield, Illinois office that was being maintained in file [72-SI-46052].[3]    Anderson v. Liberty Lobby, Inc., 477 U.S. 247 (1986).

Respectfully submitted,

JERRY LEWIS BEY # 22328-044
PRO SE PLAINTIFF
FCI
P.O. BOX 725
EDGEFIELD, S.C. 29824

_____

[3.] Defendant Statement of Material Facts [p.4 n.1] clearly show that Tonya Lewis Bey was also known as Tonya Timmons, yet there was no mention that she was also known as Tonya Brown. Defendant memorandum of Points And Authority in support of Defendant's Motion For Summary judgement [p.2 n.3] also omits that Tonya Lewis Bey was also known as Tonya Brown the subject of the FOIA request.

-12-

## CERTIFICATE OF SERVICE

I hereby certify that on this _5th_ day of June, 2006, the foregoing were mailed postage prepaid to:

        Marian L. Borum
        Assistant United States Attorney
        501 3rd Street, N.W., Fourth Floor
        Washington, D.C.  20530

        JERRY LEWIS BEY # 22328- C44
        PRO SE PLAINTIFF
        FCI
        P.O. BOX 725
        EDGEFIELD, S.C. 29824

-13-



Live  Surveillance

**b7C** Surveillance ████████████████

Tuesday 7/1/86

| Time | Activity |
|---|---|
| 1111 | Beginning tape time |
| 1154 | ████████████ returned home |
| 1314 | ████████████ left home |
| 1324 | Jerry dressed in suit and ██████ dressed in white wearing a turban w/baby left in gold Mercedes |
| 1329 | ████████████ returned home passed Jerry and ██████ but did not speak |

**b7C**

**b7C**

**PETITIONER'S EXHIBIT E**

1

Tape Review

Surveillance █████████████  **b7C**

Thursday  7/3/86

| Time | Activity |
|------|----------|
| 1044 | Beginning tape time |
| 1603 | ████████████ left home |
| 1828 | ███████ w/baby wearing a turban left in the gold Mercedes |

**b7C**

| Time | Activity |
|------|----------|
| 2214 | Jerry arrived home |
| 2225 | Jerry went to the green Pontiac to get something and to the apartment |
| 2227 | ████████ w/baby returned home without the gold Mercedes |

7/4/86

| Time | Activity |
|------|----------|
| 0408 | ██████████ returned home with an unknown B/M |
| 0410 | Five more people arrived at ███████████ apartment including the drk blu/drk blu Caddilac |
| 0413 | Three left in the drk blu Caddilac |
| 0430 | Three people retruned to ██████████ apartment |
| 0624 | One unknown B/M left ██████████ apartment unable to see car on tape |

**b7C** 

| Time | Activity |
|------|----------|
| 0752 | Jerry stood in the doorway looking around and then went back insede the apartment |
| 0753 | Jerry left in the green Pontiac |
| 0815 | County PD arrived and knocked on the door, ██████ comes to door then she knowcked on ████████ door. ████ won't let the police in talk to them outside |
| 0823 | ██████ knocks on ██████████ door again and again she doesn't get an answer |
| 0828 | County PD left the apartment |

**b7C** █████████████

1

Live Surveillance

Surveillance ████████████ **b7C**

Friday 7/4/86

| Time | Activity |
|------|----------|

0900    The green Pontiac and the gold Mercedes not parked upon
        arrival ████████████ car is parked.   Review 7/3/86 tape

0914    ████████████ went from her apartment to Jerry's
        apartment knocked on the door and was let in, photos
        taken

0917    ████████████ and ██████ stood in fromt of ██████ apart-
        ment laughing and talking, photos taken

0918    ████████████ went to her apartment

**b7C**
0920    ██████ went w/baby across the street

0924    ██████ returned to the apartment

0926    Unknown  B/M neighbor,early 20s,wearing blu. shirt from
        across the street was called by ██████ to the apartment
        to answer the phone.   The B/M was given the telephone
        by ██████ and the B/M talked in the doorway on the phone.
        B/M was not let in the apartment to talk, photos taken.

0928    Unknown B/M neighbor went back across the street, photos
        taken

1023    Two B/Ms driving and orange pickup left ██████████████
        apartment lic ██████ Mo.85, photos taken

1059    Two B/F left ██████████ house in a drk blu/drk blu
        Caddilac lic ██████ one B/F 5'6",250-300 lbs.. Photos
        taken

**b7C** ████████████

1

Tape Review

**67C**   Surveillance ████████████

Thursday 7/10/86

| Time | Activity |
|------|----------|
| 1015 | Beginning tape time |
| 1207 | ████████████ left with clothes in clothes basket |
| 1314 | Mailman delivering mail |
| 1327 | ████████████ returned with clothes basket |
| 1633 | ████████████ left |
| 1812 | ████████ w/baby arrived home in green Pontiac |

**67C**

7/11/86

| 0210 | ████████████ returned home |
| 0759 | Jerry dressed in suit and ████████ w/baby went to the green Pontiac. Jerry went in and out of the apartment carrying things to the car for ████████ Jerry stood on the sidewalk waving to ████████ as she drove away (0804) |
| 0831 | Unknown B/M driving a Volvo (unable to see lic on tape) arrived to pick up Jerry |
| 0832 | Jerry left in the Volvo |
| 0900 | Ending time on tape |

**67C**

b7C

LOCATION ████████████ NAME ██████

DATE 7-20-86

TIME TAPE          ACTIVITY OBSERVED Sunday

| Time | |
|------|---|
| 1105 | Tape began |
| 1128 | Jerry + Baby leaves apt + drive off in Mercedes |
| 1135 | Jerry returns with baby + packages |
| 1252 | Jerry + unknown B/F exit apt + return |
| 1347 | Jerry + B/M ████████ ?) exit apt + drive off in Mercedes - casual dress |
| 1724 | ████████ arrives + enters ████████ |
| 1739 | ████████ exits apt + drives off |
| 1815 | ████████ returns to her apt |
| 1831 | Jerry, B/M + unknown B/F enter apt with Jerry carrying large objects |
| 1901 | ████████ leaves ████████ + drives off |
| 1909 | Jerry baby ████████ B/M + B/F exit apt + drive off in Mercedes - all wearing casual clothes with ████████ wearing head wrap |
| 1930 | ████████ returns to |
| 2117 | Jerry ████████ + baby return to apt |
| 7-21-86  0759 | Jerry + B/F exit apt + drive off in Mercedes |
| 0849 | Tape ended |

b7C

To:      Director, FBI
         (Attn:  Photographic Processing Unit, Rm. 1B903 TL151)                **AIRTEL**

From:    SAC, ST. LOUIS (245B-5)(P)              Cost Code:  3730          Date: 5-27-86

Subject: JERRY LEWIS, aka
         The Moorish Science Temple
         of America
         NARCOTICS

☒ Unclassified  ☐ Confidential  ☐ Secret

ENCLOSURES:                                       CONTACT FOR INFORMATION:
                                                  TA███████████████
                                                  FTS-███████████████    b7C

|            | Size | Type  | Quantity |
|------------|------|-------|----------|
| Film       | 135  | Color | 1 roll   |
| Negatives  |      |       |          |
| Prints     |      |       |          |
| Other (specify) |  |      |          |

(color and black & white work will not be
accepted on same request)

WORK REQUESTED:
    ☒ Develop and print 1 ea. 3½ × 5
    Other:

JUSTIFICATION: Ongoing Investigation

PHOTO TECHNICIAN (Intl.) _____

                                                  245B-5-383

                                                  SEARCHED _____
                                                  SERIALIZED __JAT__
                                                  INDEXED _____
                                                  FILED __JAT__

Enclosure    1    BGM:klb

PETITIONER'S EXHIBIT  F

FD-523 (Rev. 8-23-84)

To:     Director, FBI
        (Attn:  Photographic Processing Unit, Rm. 1B903 TL151)

**AIRTEL**

From:   SAC, ST. LOUIS (245B-5)(P)          Cost Code:   3738          Date: 8-21-86

Subject: JERRY LEWIS, aka
        Jerry Lewis Bey,
        Jerry Lewis Bey Shiek, Brother Jerry
        Lewis Bey, D. M. Jerry Lewis Bey;
        THE MOORISH SCIENCE TEMPLE OF AMERICA
        NARCOTICS    OO: ST. LOUIS

☒ Unclassified  ☐ Confidential  ☐ Secret

ENCLOSURES:

| | Size | Type | Quantity |
|---|---|---|---|
| Film | 120 | Color | 1 roll |
| Negatives | | | |
| Prints | | | |
| Other (specify) | | | |

(color and black & white work will not be
accepted on same request)

CONTACT FOR INFORMATION:
Photographer
FTS-

b7C

WORK REQUESTED:
☒ Develop and print 1 ea. 3½ × 5
Other:

JUSTIFICATION: Ongoing investigation

PHOTO TECHNICIAN (Intl.) _____

245F-5-420
SEARCHED_____
SERIALIZED_____
INDEXED_____
FILED_____

Enclosure      1    PGM:klb

PETITIONER'S EXHIBIT