UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY LEWIS BEY, )<br>)<br>          Plaintiff, )<br>)<br>v. )<br>)<br>)<br>U.S. DEPARTMENT OF JUSTICE )<br>Federal Bureau of Investigation, )<br>)<br>          Defendant. )<br>) | Civil Action No. 05-1076 (JGP) |

**MOTION FOR ENLARGEMENT OF TIME TO MOVE, ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR ENTRY FOR SUMMARY JUDGMENT**

Defendant, by undersigned counsel, pursuant to Fed. R. Civ. P. 6(b), and for good cause shown, hereby respectfully moves for an enlargement of time of 120 days, up to and including October 12, 2006, in which to move, answer or otherwise respond to plaintiff *pro se*'s Motion in Opposition to Defendant's Second Motion for Summary Judgment. Defendant's response would otherwise be due on June 14, 2006. Defendant seeks this enlargement on the following grounds:

This matter involves Freedom of Information-Privacy Act ("FOIPA") requests to the Federal Bureau of Investigation ("FBI") for records concerning the following:

- plaintiff's ex-wife, Doris Lewis-Bey also known as Doris Franklin, see Complaint p. 1.;

- long distance toll-records for telephone numbers 314-741-3341 and 314-355-6721, see Amended Compliant p. 1; and

- plaintiff's ex-wife, Tonya Lewis-Bey also known as Tonya Timmons and Tonya Brown, see Complaint p. 1.

Undersigned counsel has reviewed plaintiff *pro se*'s opposition ("Pltf's Opposition"). Plaintiff indicates that he "accepts defendant['s] representation that there is (sic) no more records in [St. Louis FBI F]ile 245B-5 to be released" regarding his ex-wife Doris Lewis Bey also known as Doris Franklin. Pltf's Opp. p. 2. Plaintiff does not accept defendant's explanation that it conducted a diligent search for the long-distance toll records, but was unable to locate records responsive to plaintiff's request. See Pltf's Opposition pp. 8-9. Finally, plaintiff asserts that the FBI did not conduct a reasonable search for records specifically in the name of Tonya Brown, in St. Louis FBI File 245B-5. See Pltf's Opposition pp. 3-8.

Undersigned counsel has consulted with agency counsel regarding plaintiff's assertions. Agency counsel indicated that the FBI conducted a thorough search for the telephone records requested by plaintiff with negative results. The details of the searches and results were described in the First Hardy Declaration submitted with Defendant's Motion for Summary Judgment [Docket Entry # 15], and the Second Hardy Declaration submitted with Defendant's Reply to Plaintiff's Opposition to Summary Judgment [Docket Entry # 26]. Agency counsel also indicated that thorough searches were made for responsive records in the name of Tonya Brown in the Springfield, Illinois file. Agency counsel indicated that in order to address plaintiff's remaining concerns, it will be necessary to have St. Louis FBI File 245B-5 forwarded to FBI Headquarters. Each document in that file would then be reviewed by a legal analyst for references to Tonya Brown. If any documents responsive to plaintiff's request were located, those documents would be processed for release to plaintiff.[1] However, St. Louis FBI File 245B-

---

[1] Justice Department regulations, in accordance with FOIA, provide that agency components "shall charge for processing requests under the FOIA" and "ordinarily shall collect all applicable fees before sending copies of requested records to a requester." 28 C.F.R. § 16.11(a). The FBI intends

5 is quite voluminous. It is anticipated that it will take at least 90 days to receive and review each document in the file. After that, the agency will have to prepare a supplemental Vaughn declaration to be submitted with any dispositive motion. Therefore, defendant is requesting an additional 120 days in order to complete these tasks.

For the foregoing reasons, defendant respectfully requests that the enlargement sought be granted.

Defendant's counsel has not conferred with plaintiff *pro se* regarding this motion because plaintiff *pro se* is incarcerated.[2]

An order granting the relief sought is attached hereto.

---

to comply with these regulations regarding this search.

[2] Local Civil Rule 7(m) requires "counsel" to discuss non-dispositive motions with "opposing counsel." It does not require counsel to discuss those motions with *pro se* parties. Nonetheless, it has been the general practice of the United States Attorney's Office in this District to discuss such motions with nonprisoner *pro se* parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). That Rule excludes prisoner *pro se* parties from the Court's meet-and-confer requirements. Specifically, the Rule requires "[c]ounsel (including any nonprisoner *pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a).

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
501 Third Street, N.W., Fourth Floor
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on this \_\_\_\_ day of June, 2006, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

Jerry Lewis Bey
R# 22328-044
F.C.I. - Edgefield
P.O. Box 725
Edgefield, S.C. 29824

 

_____
MARIAN L. BORUM
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JERRY LEWIS BEY,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  Civil Action No. 05-1076 (JGP)<br>)<br>) |
| **U.S. DEPARTMENT OF JUSTICE,** | )<br>) |
| Defendant. | ) |

## ORDER

UPON CONSIDERATION of defendant's Motion for Enlargement of Time, the merits thereof, and for good cause shown, it is this ____ day of June, 2006

HEREBY ORDERED that the motion is granted, and it is

FURTHER ORDERED that defendant shall have up to an including October 12, 2006 in which to respond to plaintiff *pro se*'s opposition to defendant's second motion for summary judgment..

Date _____                  _____
                                          UNITED STATES DISTRICT JUDGE