UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
JERRY LEWIS BEY,                    )
                                    )
    Plaintiff,                      )
                                    )          Civil Action Number
                v.                  )            05-1076 (JPG)
                                    )
U.S. DEPARTMENT OF JUSTICE,         )
                                    )
    Defendant.                      )
                                    )
                                    )
```

## FOURTH DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)    I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C.  I have held this position since August 1, 2002. Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law.  In that capacity, I had direct oversight of Freedom of Information ("FOIA") policy, procedures, appeals, and litigation for the Navy.  From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters.  I am also an attorney, and have been licensed to practice law in the State of Texas since 1980.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 214 employees who staff a total of ten (10) units and a field operational service center unit whose

collective mission is to effectively plan, develop, direct and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives.  The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act (PA) of 1974, 5 U.S.C. § 552a, collectively referred to as FOIPA.  Specifically, I am aware of the treatment which has been afforded the FOIPA request of plaintiff, Jerry Lewis Bey, which seeks access to all records concerning his ex-wife Tonya Lewis Bey, also known as Tonya Timmons, also known as Tonya Brown, which are contained in St. Louis Office file number 245B-SL-5.  In addition, I am aware of the documents concerning this litigation which have been filed with this Court, including my first three declarations; Plaintiff's Memorandum in Opposition to Defendant's Second Motion for Summary Judgment dated June 7, 2006; Defendant's Motion for Extension of Time to Move, Answer or Otherwise Respond dated June 14, 2006; and Defendant's Status Report dated July 26, 2006.

(4)    This fourth declaration supplements, and hereby incorporates, the first declaration of David M. Hardy dated October 25, 2005 ("First Hardy Declaration"), the second declaration of

David M. Hardy dated May 18, 2006 ("Second Hardy Declaration"), and the third declaration of

David M. Hardy dated May 18, 2006 ("Third Hardy Declaration").

(5)    The purpose of this declaration is to provide the Court and the plaintiff with further

information concerning the handling of plaintiff's FOIPA request for all records concerning his

his ex-wife Tonya Bey contained in St. Louis Office file number 245B-SL-5, provide information

concerning the manual search conducted for these specific records and provide justifications for

the Privacy Act and FOIA exemptions used to withhold certain information in these records. In

accordance with <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), this declaration, which is

being submitted in support of defendant FBI's motion for summary judgment, will provide the

Court and plaintiff with justifications for the withholding of certain information in these records

pursuant to Privacy Act Exemption (j)(2), 5 U.S.C. § 552(a)(j)(2), and FOIA Exemptions (b)(3),

(b)(6), and (b)(7)(C), 5 U.S.C. § 552(b)(3), (b)(6), and (b)(7)(C).

## **CHRONOLOGY OF PLAINTIFF'S FOIPA REQUEST**

(6)    Descriptions of the pertinent correspondence concerning plaintiff's FOIPA request

for records concerning Tonya Lewis Bey were provided to the Court and plaintiff in Paragraphs

19 through 30 of the Third Hardy Declaration and copies of this correspondence were provided

to the Court and plaintiff as Exhibits M through X. **(See Third Hardy Declaration,**

**Paragraphs 19-30 and Exhibits M-X).**

(7)    In his Memorandum in Opposition to Defendant's Second Motion for Summary

Judgment dated June 7, 2006, plaintiff states that his FOIPA request for records concerning his

ex-wife Tonya Lewis Bey has not been completed by the FBI inasmuch as the records that he

seeks are all records concerning Tonya Lewis Bey which are contained in St. Louis Office file

number 245B-SL-5.  Plaintiff asserts that Defendant's Second Motion for Summary Judgment

dated June 7, 2006, should be denied by the Court since the FBI has not yet processed the

specific records that he seeks for release to him.

(8)    Pursuant to plaintiff's assertion of non-completion of his FOIPA request, the FBI

agreed to manually search all documents contained in St. Louis Office file number 245B-SL-5

and process for release any records concerning Tonya Lewis Bey.  In Defendant's Motion for

Extension of Time to Move, Answer or Otherwise Respond dated June 14, 2006, the Court and

plaintiff were advised of this decision and were also advised that the search for and processing of

these records would be completed within 120 days.  **(See Defendant's Motion for Extension of**

**Time to Move, Answer or Otherwise Respond dated June 14, 2006).**  In Defendant's Status

Report dated July 26, 2006, the Court and plaintiff were advised that St. Louis Office file number

245B-SL-5 had been forwarded to the Litigation Support Unit at FBIHQ in order to conduct the

manual search of this file for the specific records sought by plaintiff.  **(See Defendant's Status**

**Report dated July 26, 2006).**

### SEARCH OF ST. LOUIS FILE NUMBER 245B-SL-5 FOR RECORDS CONCERNING TONYA LEWIS BEY

(9)    St. Louis Office file number 245B-SL-5 pertains to an FBI Narcotics investigation

of plaintiff and several other individuals.  This investigation is captioned "Jerry Lewis Bey;

Vernon Whitlock, Jr.; the Moorish Science Temple of America, et al.; Narcotics Matter;

Organized Crime Drug Enforcement Task Force Case" and was conducted by the Organized

Crime Drug Enforcement Task Force, of which the St. Louis Field Office was a participant along with other federal law enforcement agencies (including the Drug Enforcement Administration and the Bureau of Alcohol, Tobacco and Firearms) and local law enforcement agencies (including the St. Louis Police Department and the Webster Groves, Missouri Police Department). The FBI has jurisdiction over this type of law enforcement investigation pursuant to 21 U.S.C. § 801 et seq. (the Comprehensive Drug Abuse Prevention and Control Act of 1970, also referred to as the Controlled Substances Act) and 21 U.S.C. § 841 (Manufacture and Distribution of a Controlled Substance).

(10)    Pursuant to this litigation, all documents contained in St. Louis Office file number 245B-SL-5 were manually reviewed to locate any document with information concerning Tonya Lewis Bey, under that name or any of her previous names. This search resulted in the location of 639 pages of documents which pertain to Tonya Lewis Bey. These documents pertain to Tonya Lewis Bey; her relationship with the plaintiff; her telephone toll records obtained by the FBI through the use of Administrative Subpoenas in 1986; the results of a Pen Register placed on her telephone number (314) 741-3118 by the FBI in 1986 through application with the United States District Court, Eastern District of Missouri, Eastern Division; and a physical surveillance of the apartment at 11882 San Remo in St. Louis that she shared with plaintiff in 1986.[1]

---

[1] A Pen Register is an electronic device which registers the dialed telephone numbers of all outgoing calls from a particular telephone number. Only the actual telephone numbers which are dialed from the targeted telephone number are registered and no actual voice content of any telephone calls is recorded. The results of a Pen Register is a listing of the frequency and duration of the telephone numbers dialed from the target telephone number, which are then analyzed by the FBI for possible investigative leads.

## EXPLANATION OF FORMAT UTILIZED FOR THE
## JUSTIFICATION OF DELETED MATERIAL

(11)    Pursuant to this litigation, the FBI reprocessed the records responsive to plaintiff's

FOIPA request for documents concerning Tonya Lewis Bey contained in St. Louis file number

245B-SL-5 to achieve maximum disclosure. Certain information which was previously withheld

from disclosure to plaintiff pursuant to FOIA Exemption (b)(7)(C) to protect the personal privacy

of Tonya Lewis Bey, also known as Tonya Brown, is now being released. In addition, it should

be noted that FOIA Exemption (b)(6) has been added to FOIA Exemption (b)(7)(C) to withhold

from disclosure to plaintiff certain information concerning the personal privacy of other third

party individuals that is contained in these FBI records.

(12)    Copies of the released pages as they are now being provided to plaintiff are

attached as **Exhibit A**. Each page has been consecutively numbered as "TONYA-1" through

"TONYA-639" at the bottom of the pages. The exemptions asserted by the FBI as grounds for

withholding information in these records are Privacy Act Exemption (j)(2), 5 U.S.C. §

552(a)(j)(2), and FOIA Exemptions (b)(3), (b)(6), and (b)(7)C), 5 U.S.C. § 552(b)(3), (b)(6),

and (b)(7)(C).

(13)    A coded format is used in this case to assist the Court and plaintiff in reviewing the

information withheld within the context of the documents themselves. Each instance of

information withheld pursuant to the FOIA on the attached documents is accompanied by a

coded designation that corresponds to the categories listed below. For example, if "(b)(7)(C)-1"

appears on a document, the (b)(7)(C) designation refers to Exemption (b)(7)(C) of the FOIA

concerning "Unwarranted Invasion of Privacy." The numerical designation (-1) following the

"(b)(7)(C)" narrows the main category to the more specific subcategory, "Names of FBI Special

Agents and Support Personnel." Listed below are the categories used to explain the Privacy Act

and FOIA exemptions asserted to withhold protected material:

| SUMMARY OF JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHHELD** |
| **Category (j)(2)** | **LAW ENFORCEMENT RECORDS** |
| **Category (b)(3)** | **INFORMATION SPECIFICALLY EXEMPTED FROM DISCLOSURE BY STATUTE** |
| **(b)(3)-1** | Federal Grand Jury Subpoena Information. |
| **Category (b)(6)** | **CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| **(b)(6)-1** | Names of FBI Special Agents and Support Personnel.  Cited in conjunction with (b)(7)(C)-1. |
| **(b)(6)-2** | Name of a Special Agent of the Bureau of Alcohol, Tobacco and Firearms (BATF).  Cited in conjunction with (b)(7)(C)-2. |
| **(b)(6)-3** | Names of Local Law Enforcement Officers.  Cited in conjunction with (b)(7)(C)-3. |
| **(b)(6)-4** | Names and Identifying Information of Individuals who were of Investigative Interest to the FBI.  Cited in conjunction with (b)(7)(C)-4. |
| **(b)(6)-5** | Names and Identifying Information of Individuals who are Merely Mentioned in FBI Records.  Cited in conjunction with (b)(7)(C)-5. |
| **Category (b)(7)(C)** | **UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| **(b)(7)(C)-1** | Names of FBI Special Agents and Support Personnel.  Cited in conjunction with (b)(6)-1. |
| **(b)(7)(C)-2** | Name of a Special Agent of the Bureau of Alcohol, Tobacco and Firearms (BATF).  Cited in conjunction with (b)(6)-2. |

| SUMMARY OF JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHHELD** |
| **(b)(7)(C)-3** | Names of Local Law Enforcement Officers. Cited in conjunction with (b)(6)-3. |
| **(b)(7)(C)-4** | Names and Identifying Information of Individuals who were of Investigative Interest to the FBI. Cited in conjunction with (b)(6)-4. |
| **(b)(7)(C)-5** | Names and Identifying Information of Individuals who are Merely Mentioned in FBI Records. Cited in conjunction with (b)(6)-5. |

## PRIVACY ACT EXEMPTION (j)(2)

(14)    Subsection (j)(2) of the Privacy Act exempts from mandatory disclosure systems of records "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals . . .".

(15)    The investigatory file and records at issue in this litigation are part of the FBI's CRS at the St. Louis Office and these records pertain to a criminal investigation conducted by the FBI of plaintiff and other individuals, including Tonya Lewis Bey, also known as Tonya Brown, concerning their potentially criminal activities in the distribution of heroin and other controlled substances. The FBI has jurisdiction over this type of law enforcement investigation pursuant to 21 U.S.C. § 801 et seq. (the Comprehensive Drug Abuse Prevention and Control Act of 1970, also referred to as the Controlled Substances Act) and 21 U.S.C. § 841 (Manufacture and Distribution of a Controlled Substance). Accordingly, these records are exempt from disclosure in their entirety under the Privacy Act, 5 U.S.C. § 552a(j)(2), in conjunction with 28 C.F.R. §

-8-

16.93 (2003).  Although access to these records was denied under the Privacy Act, they have

been processed under the access provisions of the FOIA to achieve maximum disclosure.

## FOIA EXEMPTION (b)(3)
### INFORMATION SPECIFICALLY PROTECTED BY STATUTE

(16)    5 U.S.C. § 552(b)(3) exempts from disclosure information:

> specifically exempted from disclosure by statute . . . provided that such statute
> (A) requires that the matters be withheld from the public in such a manner as to
> leave no discretion on the issue, or (B) establishes particular criteria for
> withholding or refers to particular types of matters to be withheld.

### (b)(3)-1        Federal Grand Jury Subpoena Information

(17)    FOIA Exemption (b)(3)-1 has been asserted to exempt from disclosure certain

information contained in a letter dated April 3, 1986 from the United States Attorney for the

South Central Drug Task Force in the Eastern District of Missouri to the recipient of a Federal

Grand Jury Subpoena and a Federal Grand Jury subpoena, which is also dated April 3, 1986.[2]

This information is specifically exempted from disclosure pursuant to Rule 6(e) of the Federal

Rules of Criminal Procedure.  It is well established that Rule 6(e) embodies a broad, sweeping

policy of preserving the secrecy of the inner workings of federal grand juries.  FOIA Exemption

(b)(3)-1 was utilized in these records to withhold certain information contained in these two

documents.  Specifically, the information withheld pursuant to FOIA Exemption (b)(3)-1 consists

of the name of a third party individual and  the title and address of a business organization

commanded to provide records to the Federal Grand Jury and information identifying the specific

---

[2] FOIA Exemption (b)(3)-1 has been asserted to exempt from disclosure certain
information pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure on the following
pages of Exhibit A: TONYA 103-105.

business records which are to be provided to the Federal Grand Jury. This Federal Grand Jury

was seated in the United States District Court for the Eastern District of Missouri in April, 1986,

and was utilized by the United States Attorney's Office in this FBI Narcotics investigation of

plaintiff and other individuals. Accordingly, disclosure of the withheld information in these two

documents would clearly violate the secrecy of the Federal Grand Jury proceedings and reveal

the inner workings of the Federal Grand Jury inasmuch as it would identify the specific records

which were provided to the Federal Grand Jury. Therefore, the FBI has properly asserted FOIA

Exemption (b)(3)-1 to withhold this information in these two documents since such information

is specifically exempted from disclosure pursuant to Rule 6(e) of the Federal Rules of Criminal

Procedure.

## FOIA EXEMPTION (b)(6)
## CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY

(18)   · 5 U.S.C. § 552(b)(6) exempts from disclosure:

> personnel and medical files and similar files when the disclosure of such
> information would constitute a clearly unwarranted invasion of personal privacy.

(19)   When withholding information pursuant to this exemption, the FBI is required to

balance the privacy interests of the individuals mentioned in these records against any public

interest in disclosure. In asserting this exemption, each item of information was examined to

determine the degree and nature of the privacy interest of every individual whose name and/or

identifying information appears in these records. The public interest in disclosure of this

information is determined by whether the information in question would inform plaintiff and the

general public about the FBI's performance of its mission to enforce federal criminal and

-10-

national security statutes and/or how the information would shed light on the FBI's performance of its statutory duties. In each instance where information was withheld, it was determined that individual privacy rights outweighed the public interest. The only recognized public interest is that which sheds light on the operations and activities of the federal government and it was determined that the release of the names and/or identifying information concerning the third party individuals contained in these FBI records would not shed any light on how the FBI performed its statutory investigative duties. To reveal the names and/or identifying information of third party individuals in the context of the records of this FBI criminal investigation of plaintiff and other individuals concerning the distribution of narcotics could reasonably be expected to cause harassment, embarrassment and/or unsolicited publicity which would constitute a clearly unwarranted invasion of their personal privacy.

(20) During the review of these records, the passage of time and its effect on the privacy interests of third party individuals was considered. It was determined that the privacy interests are as strong and pertinent now as when the records were created and that there is no public or historical interest in these records which would outweigh the privacy interests of these third party individuals.

### (b)(6)-1    Names of FBI Special Agents and Support Personnel

(21) FOIA Exemption (b)(6)-1 has been asserted in conjunction with FOIA Exemption (b)(7)(C)-1 to exempt from disclosure the names of FBI Special Agents and support personnel who were responsible for conducting, supervising, and/or maintaining the investigative activities

-11-

reported in this criminal investigation of plaintiff and other individuals.[3]  Publicity, adverse or

otherwise, regarding any particular investigation conducted by FBI Special Agents  may seriously

impair their effectiveness in conducting future investigations.  The privacy consideration also

protects FBI Special Agents from unnecessary, unofficial questioning as to the conduct of an

investigation, whether or not they are currently employed by the FBI.  FBI Special Agents

conduct official inquiries into violations of various criminal statutes and national security cases.

They come into contact with all strata of society and conduct searches and make arrests, both of

which result in reasonable, but nonetheless serious disturbances in the lives of individuals.  It is

possible for a person targeted by such law enforcement action to carry a grudge which may last

for years, and to seek revenge on the Special Agents involved in the investigation.  The publicity

associated with the release of the name of a FBI Special Agent in connection with a particular

investigation could trigger hostility towards the Special Agent by such persons.  Accordingly,

there is no legitimate public interest to be served in the disclosure of the names of the FBI

Special Agents in these records concerning this FBI criminal investigation to the public.

(22)   The names of FBI support personnel have also been withheld pursuant to FOIA

Exemption (b)(6)-1. .Support personnel are assigned to handle tasks relating to FBI

investigations and these individuals are in positions to access information concerning official law

---

[3]  FOIA Exemption (b)(6)-1 was asserted in conjunction with FOIA Exemption
(b)(7)(C)-1 to exempt from disclosure the names of FBI Special Agents and support personnel on
the following pages of Exhibit A: TONYA 1, 2, 4, 5, 8, 9, 11, 12, 14, 16-18, 21, 22, 73, 74, 76,
77, 98, 102, 105, 106, 112, 115, 116, 125-129, 139-141, 149, 150, 154, 155, 157, 158, 162, 163,
171-174, 179-182, 186-189, 194-199, 201, 210, 211, 215, 220, 221, 224-228, 232-237, 246-249,
255-260, 272-274, 280, 283-295, 442, 599, 601, 603, 624-627, and 639.

enforcement investigations. They could therefore become targets of harassing inquiries for unauthorized access to FBI investigations if their identities were released. Accordingly, there is no legitimate public interest to be served in releasing the names of FBI support personnel in these records concerning this FBI criminal investigation to the public.

(23)    The FBI next examined the records at issue to determine whether there was any public interest that outweighed the substantial privacy interests of the FBI Special Agents and support employees. The FBI could not identify any discernible public interest in that the disclosure of the names of FBI Special Agents and support employees would not demonstrate how the FBI performed its statutory duties during the FBI criminal investigation of plaintiff and other individuals. Since the disclosure of this information would constitute a clearly unwarranted invasion of their personal privacy, the FBI has properly asserted FOIA Exemption (b)(6)-1 to protect the names of these FBI employees.

### (b)(6)-2    Name of a Special Agent of the Bureau of Alcohol, Tobacco and Firearms (BATF)

(24)    FOIA Exemption (b)(6)-2 has been asserted in conjunction with FOIA Exemption (b)(7)(C)-2 to exempt from disclosure the name of a Special Agent of the Bureau of Alcohol, Tobacco and Firearms ("BATF") who participated in the investigation reported in these FBI documents.[4] The privacy consideration also protects this individual from unnecessary, unofficial questioning as to this investigation. It is possible for a person targeted by such law enforcement

---

[4]    FOIA Exemption (b)(6)-2 has been asserted in conjunction with FOIA Exemption (b)(7)(C)-2 to exempt from disclosure the name of a Special Agent of the BATF on the following pages of Exhibit A: TONYA 12, 119, 146, 161, 178, 213, 214, and 279.

action to carry a grudge which may last for years, and to seek revenge on the personnel involved

in the criminal investigation contained in these FBI records.  The publicity associated with the

release of his name in connection with a particular investigation could trigger hostility towards

him by such persons.  There is no legitimate public interest to be served in the disclosure of the

name of this BATF Special Agent contained in these FBI investigative records.  The rationale for

protecting the identity of this employee of another United States Government law enforcement

agency is identical to the rationale for protecting the identities of FBI employees.

(25)    The FBI next examined the records at issue to determine whether there was any

public interest that outweighed the substantial privacy interests of this BATF Special Agent.

The FBI could not identify any discernible public interest in that the disclosure of the name of

this BATF employee would not demonstrate how the FBI or the BATF performed their statutory

duties during the criminal investigation of plaintiff and other individuals.  Since the disclosure of

this information would constitute a clearly unwarranted invasion of his personal privacy, the FBI

has properly asserted FOIA Exemption (b)(6)-2 to protect the name of this Special Agent of the

BATF.

### (b)(6)-3    Names of Local Law Enforcement Officers

(26)    FOIA Exemption (b)(6)-3 has been asserted in conjunction with FOIA Exemption

(b)(7)(C)-3 to exempt from disclosure the names of local law enforcement officers of the St.

Louis Police Department and the Webster Groves, Missouri Police Department.[5]  These police

_____

[5] FOIA Exemption (b)(6)-3 has been asserted in conjunction with FOIA Exemption
(b)(7)(C)-3 to exempt from disclosure the names of local law enforcement officers on the
following pages of Exhibit A: TONYA 12, 13, 71, 73, 107-111, 121-124, 129-138, 143, 145,

officers acted in their official capacities when they assisted the FBI in the Narcotics investigation of plaintiff and other individuals. The relevant inquiry here is whether public access to this information would violate a viable privacy interest of these individuals who assisted the FBI during this criminal Narcotics investigation. Disclosure of the names of these local law enforcement officers could subject them to unauthorized inquiries and/or harassment that could not be anticipated by their assistance to the FBI and which would thus constitute an unwarranted invasion of their personal privacy. Furthermore, there is no legitimate public interest to be served in releasing the names of these local law enforcement officers. The rationale for protecting the identities of local law enforcement officers is identical to the rationale for protecting the identities of FBI employees.

(27)    The FBI next examined the records at issue to determine whether there was any public interest that outweighed the substantial privacy interests of these local law enforcement officers. The FBI could not identify any discernible public interest in that the disclosure of the names of these local law enforcement officers would not demonstrate how the FBI performed its statutory duties during the criminal investigation of plaintiff and other individuals. Since the disclosure of this information would constitute a clearly unwarranted invasion of their personal privacy, the FBI has properly asserted Exemption (b)(6)-3 to protect the names of these local law enforcement officers.

---

147-153, 156, 159, 165-170, 183-185, 190-193, 200, 202-209, 213, 214, 217, 219, 222-224, 229-231, 238-241, 244, 245, 250-254, 261-271, 275-278, 281, 282, and 624.

**(b)(6)-4    Names and Identifying Information of Individuals who were of Investigative Interest to the FBI**

(28)    FOIA Exemption (b)(6)-4 has been asserted in conjunction with FOIA Exemption

(b)(7)(C)-4 to exempt from disclosure the names and/or identifying information of third party

individuals in whom the FBI had an investigative interest in the context of this criminal

Narcotics investigation.[6] The protected personal information about these individuals includes

their names, home addresses, home telephone numbers, relationship with plaintiff and other

individuals, and other personal information. Being linked with any law enforcement

investigation carries a strong negative connotation. To release the identities of these individuals

to the public in the context of a FBI criminal investigation could subject them to harassment or

embarrassment, as well as undue public attention. The personal privacy interests of these

individuals would be severely infringed upon if their identities were released in the context of

this Narcotics investigation as individuals of investigative interest to the FBI.

(29)    After identifying the substantial privacy interests of these individuals, the FBI

balanced their interests against the public interest in disclosure. The FBI could not identify any

legitimate public interest in release of this identifying information since it would not shed any

light on the operations and activities of the FBI in this criminal Narcotics investigation. Since

---

[6] FOIA Exemption (b)(6)-4 has been asserted in conjunction with FOIA Exemption (b)(7)(C)-4 to exempt from disclosure the names and identifying information of individuals who were of investigative interest to the FBI on the following pages of Exhibit A: TONYA 3, 6, 7, 10, 16-21, 23-34, 43-62, 71-73, 108, 112, 113, 115, 117-120, 122, 123, 127, 130, 131, 133-140, 142, 144, 146, 147, 149, 150, 154, 155, 157, 158, 160, 162-164, 167, 171, 174, 175, 177, 179, 181, 183-185, 190-199, 202, 203, 205, 206, 208, 210, 212-215, 217, 221-233, 235, 236, 240-243, 246, 248-255, 258, 261-265, 268, 272, 275-277, 279, 283-286, 291-294, and 586.

the disclosure of this information would constitute a clearly unwarranted invasion of their

personal privacy, the FBI has properly withheld the names and identifying information of

individuals who were of investigative interest to the FBI pursuant to FOIA Exemption (b)(6)-4.

### (b)(6)-5    Names and Identifying Information of Individuals who are Merely Mentioned in FBI Investigative Records

(30)    Exemption (b)(6)-5 has been asserted in conjunction with FOIA Exemption

(b)(7)(C)-5 to exempt from disclosure the names and other identifying information of individuals

who are only incidentally mentioned in these FBI investigative records.[7] The protected personal

information about these individuals consists of their names and business titles.  To release the

identities of these third party individuals who are merely mentioned in this FBI criminal

investigation would not shed any light on the FBI's performance of its statutory duties with

respect to this Narcotics investigation.  However, the disclosure of their identities could cause

unsolicited and unnecessary attention to be focused on these individuals and/or their family

members.  The mention of their names in the context of a FBI criminal investigation could cast

them in an unfavorable or negative light if released to the public.  Thus, these individuals have a

strong privacy interest in the protection of such personal information.

(31)    After identifying the substantial privacy interests of these individuals, the FBI

balanced their interests against the public interest in disclosure.  The FBI could not identify any

legitimate public interest in release of this identifying information since it would not shed any

---

[7] FOIA Exemption (b)(6)-5 has been asserted in conjunction with FOIA Exemption (b)(7)(C)-5 to exempt from disclosure the names and identifying information of individuals who are merely mentioned in these FBI investigative records on the following pages of Exhibit A: TONYA 4, 8, 75, 76, 103, and 105.

light on the operations and activities of the FBI in the criminal Narcotics investigation of plaintiff

and other individuals. Since the disclosure of this information would constitute a clearly

unwarranted invasion of their personal privacy, the FBI has properly withheld the names and

identifying information of third party individuals who are merely mentioned in these FBI

investigative records pursuant to FOIA Exemption (b)(6)-5.

### FOIA EXEMPTION (b)(7)
### EXEMPTION (b)(7) THRESHOLD

(32)    Exemption (b)(7) of the FOIA protects from mandatory disclosure records or

information compiled for law enforcement purposes, but only to the extent that disclosure could

reasonably be expected to cause one of the harms enumerated in the subpart of the exemption.

See 5 U.S.C. § 552(b)(7). In this case, the harm that could reasonably be expect to result from

disclosure concerns the personal privacy of third party individuals.

(33)    Before an agency can invoke any of the harms enumerated in Exemption (b)(7), it

must first demonstrate that the records or information at issue were compiled for law

enforcement purposes. Law enforcement agencies such as the FBI must demonstrate that the

records at issue are related to the enforcement of federal laws and that the enforcement activity is

within the law enforcement duty of that agency.

(34)    The records at issue in this litigation were compiled during the course of the FBI

criminal investigation of plaintiff and other individuals, including Tonya Lewis Bey, concerning

their potentially criminal activities in the distribution of heroin and other controlled substances.

The FBI has jurisdiction to conduct these types of federal law enforcement investigations

pursuant to 21 U.S.C. § 801 et seq. (the Comprehensive Drug Abuse Prevention and Control Act

of 1970, also referred to as the Controlled Substances Act), and 21 U.S.C. § 841 (Manufacture

and Distribution of a Controlled Substance). Accordingly, the records at issue in this litigation

readily meet the threshold requirement of FOIA Exemption (b)(7). The remaining inquiry is

whether their disclosure "could reasonably be expected to constitute an unwarranted invasion of

personal privacy."

### FOIA EXEMPTION (b)(7)(C)
### UNWARRANTED INVASION OF PERSONAL PRIVACY

(35)   5 U.S.C. § 552 (b)(7)(C) exempts from disclosure:

> records or information compiled for law enforcement purposes, but
> only to the extent that the production of such law enforcement
> records or information . . . could reasonably be expected to
> constitute an unwarranted invasion of personal privacy . . .

(36)   In asserting this exemption, each piece of information was scrutinized to determine

the nature and strength of the privacy interest of any individual whose name and/or identifying

data appears in these records. In withholding the information, the individual's privacy interest

was balanced against the public's interest in disclosure. In making this analysis, public interest

information was determined to be information which would shed light on the FBI's performance

of its statutory duties. The public interest in disclosure of this information is determined by

whether the information in question would inform plaintiff and the general public about the

FBI's performance of its mission to enforce federal criminal or national security statutes and/or

how the information would shed light on the FBI's performance of its statutory duties. In each

instance where information was withheld, it was determined that individual privacy rights

outweighed the public interest. The only recognized public interest is that which sheds light on

the operations and activities of the federal government and it was determined that the release of

the names and/or identifying information concerning the third party individuals contained in

these FBI records would not shed any light on how the FBI performed its statutory investigative

duties. To reveal the names and/or identifying information of third party individuals in the

context of the records of this FBI criminal investigation of plaintiff and other individuals

concerning the distribution of narcotics could reasonably be expected to cause harassment,

embarrassment, or unsolicited publicity which could constitute an unwarranted invasion of their

personal privacy.

(37)    During the review of these records, the passage of time and its effect on the privacy

interests of third party individuals was considered. It was determined that the privacy interests

are as strong and pertinent now as when the records were created and that there is no public or

historical interest in these records which would outweigh the privacy interests of these third party

individuals.

### (b)(7)(C)-1    Names of FBI Special Agents and Support Personnel

(38)    FOIA Exemption (b)(7)(C)-1 has been asserted in conjunction with FOIA

Exemption (b)(6)-1 to exempt from disclosure the names of FBI Special Agents and support

personnel who were responsible for conducting, supervising, and/or maintaining the investigative

activities reported in this criminal investigation of plaintiff and other individuals.[8]  Publicity,

---

[8] FOIA Exemption (b)(7)(C)-1 was asserted in conjunction with FOIA Exemption (b)(6)-1 to exempt from disclosure the names of FBI Special Agents and support personnel on the following pages of Exhibit A: TONYA 1, 2, 4, 5, 8, 9, 11, 12, 14, 16-18, 21, 22, 73, 74, 76, 77, 98, 102, 105, 106, 112, 115, 116, 125-129, 139-141, 149, 150, 154, 155, 157, 158, 162, 163, 171-174, 179-182, 186-189, 194-199, 201, 210, 211, 215, 220, 221, 224-228, 232-237, 246-249,

adverse or otherwise, regarding any particular investigation conducted by FBI Special Agents may seriously impair their effectiveness in conducting future investigations. The privacy consideration also protects FBI Special Agents from unnecessary, unofficial questioning as to the conduct of an investigation, whether or not they are currently employed by the FBI. FBI Special Agents conduct official inquiries into violations of various criminal statutes and national security cases. They come into contact with all strata of society and conduct searches and make arrests, both of which result in reasonable, but nonetheless serious disturbances in the lives of individuals. It is possible for a person targeted by such law enforcement action to carry a grudge which may last for years, and to seek revenge on the Special Agents involved in the investigation. The publicity associated with the release of the name of a FBI Special Agent in connection with a particular investigation could trigger hostility towards the Special Agent by such persons. Accordingly, there is no legitimate public interest to be served in the disclosure of the names of the FBI Special Agents in these records concerning this FBI criminal investigation to the public.

(39)    The names of FBI support personnel have also been withheld pursuant to FOIA Exemption (b)(7)(C)-1. Support personnel are assigned to handle tasks relating to FBI investigations and these individuals are in positions to access information concerning official law enforcement investigations. They could therefore become targets of harassing inquiries for unauthorized access to FBI investigations if their identities were released. Accordingly, there is no legitimate public interest to be served in releasing the names of FBI support personnel in these

255-260, 272-274, 280, 283-295, 442, 599, 601, 603, 624-627, and 639.

records concerning this FBI criminal investigation to the public.

(40)    The FBI next examined the records at issue to determine whether there was any

public interest that outweighed the substantial privacy interests of the FBI Special Agents and

support employees. The FBI could not identify any discernible public interest in that the

disclosure of the names of FBI Special Agents and support employees would not demonstrate

how the FBI performed its statutory duties during the FBI criminal investigation of plaintiff and

other individuals. Since the disclosure of this information could reasonably be expected to

constitute an unwarranted invasion of their personal privacy, the FBI has properly asserted FOIA

Exemption (b)(7)(C)-1 to protect the names of these FBI employees.

### (b)(7)(C)-2    Name of a Special Agent of the Bureau of Alcohol, Tobacco and Firearms (BATF)

(41)    FOIA Exemption (b)(7)(C)-2 has been asserted in conjunction with FOIA

Exemption (b)(6)-2 to exempt from disclosure the name of a Special Agent of the BATF who

participated in the investigation reported in these FBI documents.[9] The privacy consideration

also protects this individual from unnecessary, unofficial questioning as to this investigation. It

is possible for a person targeted by such law enforcement action to carry a grudge which may last

for years, and to seek revenge on the personnel involved in the criminal investigation contained

in these FBI records. The publicity associated with the release of his name in connection with a

particular investigation could trigger hostility towards him by such persons. There is no

---

[9]    FOIA Exemption (b)(7)(C)-2 has been asserted in conjunction with FOIA Exemption (b)(6)-2 to exempt from disclosure the name of a Special Agent of the BATF on the following pages of Exhibit A: TONYA 12, 119, 146, 161, 178, 213, 214, and 279.

-22-

legitimate public interest to be served in the disclosure of the name of this BATF Special Agent contained in these FBI investigative records. The rationale for protecting the identity of this employee of another United States Government law enforcement agency is identical to the rationale for protecting the identities of FBI employees.

(42)    The FBI next examined the records at issue to determine whether there was any public interest that outweighed the substantial privacy interests of this BATF Special Agent. The FBI could not identify any discernible public interest in that the disclosure of the name of this BATF employee would not demonstrate how the FBI or the BATF performed their statutory duties during the criminal investigation of plaintiff and other individuals. Since the disclosure of this information could reasonably be expected to constitute an unwarranted invasion of his personal privacy, the FBI has properly asserted FOIA Exemption (b)(7)(C)-2 to protect the name of this Special Agent of the BATF.

### (b)(7)(C)-3    Names of Local Law Enforcement Officers

(43)    FOIA Exemption (b)(7)(C)-3 has been asserted in conjunction with FOIA Exemption (b)(6)-3 to exempt from disclosure the names of local law enforcement officers of the St. Louis Police Department and the Webster Groves, Missouri Police Department.[10] These police officers acted in their official capacities when they assisted the FBI in the Narcotics

---

[10] FOIA Exemption (b)(6)-3 has been asserted in conjunction with FOIA Exemption (b)(7)(C)-3 to exempt from disclosure the names of local law enforcement officers on the following pages of Exhibit A: TONYA 12, 13, 71, 73, 107-111, 121-124, 129-138, 143, 145, 147-153, 156, 159, 165-170, 183-185, 190-193, 200, 202-209, 213, 214, 217, 219, 222-224, 229-231, 238-241, 244, 245, 250-254, 261-271, 275-278, 281, 282, and 624.

investigation of plaintiff and other individuals.  The relevant inquiry here is whether public access to this information would violate a viable privacy interest of these individuals who assisted the FBI during this criminal Narcotics investigation.  Disclosure of the names of these local law enforcement officers could subject them to unauthorized inquiries and/or harassment that could not be anticipated by their assistance to the FBI and which would thus constitute an unwarranted invasion of their personal privacy.  Furthermore, there is no legitimate public interest to be served in releasing the names of these local law enforcement officers.  The rationale for protecting the identities of local law enforcement officers is identical to the rationale for protecting the identities of FBI employees.

(44)    The FBI next examined the records at issue to determine whether there was any public interest that outweighed the substantial privacy interests of these local law enforcement officers.  The FBI could not identify any discernible public interest in that the disclosure of the names of these local law enforcement officers would not demonstrate how the FBI performed its statutory duties during the criminal investigation of plaintiff and other individuals.  Since the disclosure of this information could reasonably be expected to constitute an unwarranted invasion of their personal privacy, the FBI has properly asserted FOIA Exemption (b)(7)(C)-3 to protect the names of these local law enforcement officers.

### (b)(7)(C)-4    Names and Identifying Information of Individuals who were of Investigative Interest to the FBI

(45)    FOIA Exemption (b)(7)(C)-4 has been asserted in conjunction with FOIA Exemption (b)(6)-4 to exempt from disclosure the names and/or identifying information of third party individuals in whom the FBI had an investigative interest in the context of this criminal

Narcotics investigation.[11] The protected personal information about these individuals includes their names, home addresses, home telephone numbers, relationship with plaintiff and other individuals, and other personal information. Being linked with any law enforcement investigation carries a strong negative connotation. To release the identities of these individuals to the public in the context of a FBI criminal investigation could subject them to harassment or embarrassment, as well as undue public attention. The personal privacy interests of these individuals would be severely infringed upon if their identities were released in the context of this Narcotics investigation as individuals of investigative interest to the FBI.

(46)    After identifying the substantial privacy interests of these individuals, the FBI balanced their interests against the public interest in disclosure. The FBI could not identify any legitimate public interest in release of this identifying information since it would not shed any light on the operations and activities of the FBI in this criminal Narcotics investigation. Since the disclosure of this information could reasonably be expected to constitute an unwarranted invasion of their personal privacy, the FBI has properly withheld the names and identifying information of individuals who were of investigative interest to the FBI pursuant to FOIA Exemption (b)(7)(C)-4.

---

[11]    FOIA Exemption (b)(7)(C)-4 has been asserted in conjunction with FOIA Exemption (b)(6)-4 to exempt from disclosure the names and identifying information of individuals who were of investigative interest to the FBI on the following pages of Exhibit A: TONYA 3, 6, 7, 10, 16-21, 23-34, 43-62, 71-73, 108, 112, 113, 115, 117-120, 122, 123, 127, 130, 131, 133-140, 142, 144, 146, 147, 149, 150, 154, 155, 157, 158, 160, 162-164, 167, 171, 174, 175, 177, 179, 181, 183-185, 190-199, 202, 203, 205, 206, 208, 210, 212-215, 217, 221-233, 235, 236, 240-243, 246, 248-255, 258, 261-265, 268, 272, 275-277, 279, 283-286, 291-294, and 586.

**(b)(7)(C)-5  Names and Identifying Information of Individuals who are
Merely Mentioned in FBI Investigative Records**

(47)   Exemption (b)(7)(C)-5 has been asserted in conjunction with FOIA Exemption

(b)(6)-5 to exempt from disclosure the names and other identifying information of individuals

who are only incidentally mentioned in these FBI investigative records.[12]  The protected personal

information about these individuals consists of their names and business titles.  To release the

identities of these third party individuals who are merely mentioned in this FBI criminal

investigation would not shed any light on the FBI's performance of its statutory duties with

respect to this Narcotics investigation.  However, the disclosure of their identities could cause

unsolicited and unnecessary attention to be focused on these individuals and/or their family

members.  The mention of their names in the context of a FBI criminal investigation could cast

them in an unfavorable or negative light if released to the public.  Thus, these individuals have a

strong privacy interest in the protection of such personal information.

(48)   After identifying the substantial privacy interests of these individuals, the FBI

balanced their interests against the public interest in disclosure.  The FBI could not identify any

legitimate public interest in release of this identifying information since it would not shed any

light on the operations and activities of the FBI in the criminal Narcotics investigation of plaintiff

and other individuals.  Since the disclosure of this information could reasonably be expected to

constitute an unwarranted invasion of their personal privacy, the FBI has properly withheld the

---

[12]  FOIA Exemption (b)(7)(C)-5 has been asserted in conjunction with FOIA Exemption
(b)(6)-5 to exempt from disclosure the names and identifying information of individuals who are
merely mentioned in these FBI investigative records on the following pages of Exhibit A:
TONYA 4, 8, 75, 76, 103, and 105.

names and identifying information of third party individuals who are merely mentioned in these

FBI investigative records pursuant to FOIA Exemption (b)(7)(C)-5.

## CONCLUSION

(49)   The FBI has processed and released all segregable information from the records

responsive to plaintiff's FOIPA request for all documents concerning Tonya Lewis Bey which

are contained in St. Louis Office file number 245B-SL-5.  The FBI has carefully examined the

records at issue in this litigation case and has reprocessed 639 pages from this file which are

responsive to plaintiff's request.  The FBI is now releasing to plaintiff 378 pages in their entirety

and 261 pages with redactions of information.  These records were processed for release to

plaintiff with carefully tailored redactions of certain information pursuant to Privacy Act

Exemption (j)(2), 5 U.S.C. § 552a(j)(2) and FOIA Exemptions (b)(3), (b)(6), and (b)(7)(C),

5 U.S.C. § 552(b)(3), (b)(6), and (b)(7)(C).  Furthermore, the FBI carefully examined the pages

withheld in part and determined that the information withheld from plaintiff in these pages, if

disclosed, could reasonably be expected to reveal the inner workings of a Federal Grand Jury and

cause unwarranted invasions of the privacy interests of third party individuals.  Accordingly, the

FBI has released to plaintiff all reasonably segregable, nonexempt information in this FOIPA

request.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___11th___ day of October, 2006.


DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Federal Bureau of Investigation
Washington, D.C.