UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JERRY LEWIS BEY, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-1076 (JGP) |
| v. ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| Federal Bureau of Investigation, ) | |
| Defendant. ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S THIRD MOTION FOR SUMMARY JUDGMENT

#### I. INTRODUCTION

This case arises under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 522a, collectively referred to as FOIPA, and pertains to the processing of plaintiff *pro se*'s FOIPA requests by the Federal Bureau of Investigation ("FBI").

#### II. BACKGROUND INFORMATION

Plaintiff's FOIPA requests sought records being held in FBI files concerning plaintiff's ex-wives, Tonya Lewis Bey[1] and Doris Lewis Bey.[2] In Plaintiff's Motion in Opposition to Defendant's Second Motion for Entry of Summary Judgment, plaintiff indicated that "the issue raise[d] regarding the records in FBI St. Louis file 245B-5 on plaintiff's ex-wife Doris Lewis Bey is moot as plaintiff accepts defendant's representation that there is (sic) no more records in file 245B-5 to be released." Plaintiff's Opposition to Second Motion for Summary Judgment at p. 3.

---

[1] Tonya Lewis Bey is also known as Tonya Brown and Tonya Timmons. See Complaint at 5, Docket Entry No. 1; Plaintiff's Motion in Opposition to Defendant's Second Motion for Summary Judgment at p. 2, Docket Entry No. 30.

[2] Doris Lewis Bey is also known as Doris J. Franklin. See Complaint at 5.

However, plaintiff claimed that an adequate search had not been conducted "for any records in [FBI St. Louis] file 245B-5 on Tonya Brown." Id. at 12. In response to plaintiff's claim, defendant conducted a manual search of all of the documents contained in St. Louis File 245-B-SL-5 to locate any documents with information in the names of Tonya Brown as well as Tonya Lewis Bey. See Defendant's Reply to Plaintiff's Motion in Opposition to Defendant's Second Motion for Summary Judgment, Fourth Declaration of David M. Hardy ¶ 10. The search resulted in the location of 639 pages of documents. Id. On October 12, 2006, defendant filed a Reply to Plaintiff's Motion in Opposition to Defendant's Second Motion for Summary Judgment, which indicated that defendant was releasing 639 pages to plaintiff. See Docket Entry No. 34. On October 13, 2006, defendant filed a Notice of Filing of Voluminous Exhibits. See Docket Entry No. 36. On that date, the 639 pages were mailed to plaintiff.

### III.  ARGUMENT

On November 11, 2006, plaintiff filed a Motion in Opposition to Defendant's Third Motion for an Entry of Summary Judgment. See Docket Entry No. 37. Plaintiff acknowledged that "all documents contained in St. Louis Office File Number 245-B-SL-5[] were manually reviewed and the search located 639 pages of documents in the name of Tonya Brown." See Motion in Opposition to Third Motion for Summary Judgment at p. 1. Plaintiff also acknowledged "[t]hat the 639 pages were reprocessed to achieve maximum disclosure and that these pages were copied and released to plaintiff as Defendant's Exhibit A and numbered as TONYA-1 through TONYA-639. Id. However, plaintiff indicated that, on October 19, 2006, he received defendant's Reply, but not the 639 pages of documents. Because of that, plaintiff argues that defendant's motion for summary judgment should not be granted. Id. at 2.

As indicated above, on October 13, 2006, defendant mailed the 639 pages of documents to plaintiff. The box of documents arrived at FCI Edgefield, Federal Correctional Institution, in Edgefield, South Carolina. However, on or about October 30, 2006, the box was returned to defendant's counsel, the United States Attorney's Office for the District of Columbia, as undeliverable. On or about October 31, 2006, support staff at the U.S. Attorney's Office contacted FCI Edgefield Correctional Institution to determine why the box was returned. It was learned that the box was returned because it was not marked "open in the presence of inmate." On or about October 31, 2006, the box was resent to plaintiff at FCI Edgefield Correctional Institution. The box was marked "open in the presence of inmate."

Therefore, defendant has mailed to plaintiff the records responsive to his FOIPA request. Because plaintiff has not substantively contested any points in defendant's motion for summary judgment and, in fact, agreed that defendant has complied with its obligations under FOIPA, see Plaintiff's Motion in Opposition to Defendant's Third Motion for Summary Judgment at p. 1; supra p. 2, defendant respectfully requests that its Motion for Summary Judgment be granted.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment should be granted.

        Respectfully submitted,

        /s/
        JEFFREY A. TAYLOR, D.C. Bar # 498610
        United States Attorney

        /s/
        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney

        /s/
        MARIAN L. BORUM, D.C. Bar # 435409
        Assistant United States Attorney
        Civil Division
        555 Fourth Street, N.W.
        Washington, D.C.  20530
        (202) 514-6531
        Counsel for Defendant

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on this 8th day of November, 2006, a copy of the foregoing was sent by First-Class Mail, postage prepaid, to:

**JERRY LEWIS-BEY**
**R22328-044**
**EDGEFIELD FEDERAL CORRECTIONAL INSTITUTION**
**P.O. Box 725**
**Edgefield, SC 29824**

/s/
MARIAN L. BORUM
Assistant United States Attorney