UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JERRY LEWIS BEY,<br><br>                Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>Federal Bureau of Investigation,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-1076 (JGP)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR ENLARGEMENT OF TIME**

Defendant, by undersigned counsel, pursuant to Fed. R. Civ. P. 6(b), and for good cause shown, hereby respectfully moves for an enlargement of forty-five (45) days, up to and including January 15, 2007, in which to respond to plaintiff supplemental opposition to defendant's motion for summary judgment. Defendant's response would otherwise be due on November 29, 2006.

In his latest opposition, plaintiff contends that he was provided with Exhibit A of Defendant's Third Motion for Summary Judgment. This exhibit contains 639 pages labeled Tonya - 1 through Tonya - 639. See Plaintiff's Motion in Opposition to Defendant's Motion for Entry of Summary Motion at p. 1. However, plaintiff contends that there are Federal Bureau of Investigation "surveillance airplane records and surveillance photos of plaintiff and his then girlfriend, Tonya Brown Bey," as well as "video tapes of plaintiff and Tonya Brown Bey" that should be released to him. Id. at p. 2. An enlargement of forty-five (45) days is needed to respond to plaintiff's opposition because undersigned counsel spoke to agency counsel and

learned that he has a large filing due on November 21, 2006 regarding a multi-year, multi-field office investigation involving a Federal Bureau of Investigation ("FBI") intelligence program as well as a large filing due on December 20, 2006 regarding the treatment of foreign detainees in Guantanamo Bay. In addition, undersigned counsel has the following filings: a dispositive motion due on December 1, 2006 in <u>Andrew Facey v. Michael Chertoff, Secretary, Department of Homeland Security</u>; an Appendix due on December 4, 2006 in <u>Cynthia Vickers v. Donald E. Powell, Chairman, Federal Deposit Insurance Corporation</u>; an Answer due on December 11, 2006 in <u>Peter B. v. Central Intelligence Agency</u>; an Answer due on December 12, 2006 in <u>Theodore Wilson v. Timothy Cox, Chief Operating Officer, Armed Forces Retirement Home-Washington</u>; Initial Disclosures due on December 12, 2006 in <u>Kyaw Zaw Nyunt v. Kenneth Y. Tomlinson, Chairman, Broadcasting Board of Governors</u>; a Motion for Summary Affirmance due on December 13, 2006 in <u>Phyllis Wright v. Henry M Paulson, Jr., Secretary, Department of the Treasury</u>; a renewed dispositive motion due on December 13, 2006 in <u>Latchmie Toolasprashad v. Bureau of Prisons</u>; a Reply due on December 18, 2006 in <u>Michael Wasserman v. Denise Rodacker, et al.</u>; a Reply due on December 18, 2006 in <u>Ryan Poullard v. Harley Lappin et al.</u>; and a dispositive motion due on December 18, 2006 in <u>Marvin Green v. Joseph Stuyvesant, Captain, United States Navy, et al.</u> Undersigned counsel also will be out of the office from December 21, 2006 through January 4, 2007.

For the foregoing reasons, defendant respectfully requests that the enlargement sought be granted.

Defendant's counsel has not conferred with plaintiff *pro se* regarding this motion because plaintiff *pro se* is incarcerated.[1]

An order granting the relief sought is attached hereto.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
555 Fourth Street, N.W., Civil Division
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendant

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss non-dispositive motions with "opposing counsel." It does not require counsel to discuss those motions with *pro se* parties. Nonetheless, it has been the general practice of the United States Attorney's Office in this District to discuss such motions with nonprisoner *pro se* parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). That Rule excludes prisoner *pro se* parties from the Court's meet-and-confer requirements. Specifically, the Rule requires "[c]ounsel (including any nonprisoner *pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a).

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of November, 2006, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

Jerry Lewis Bey
R# 22328-044
F.C.I. - Edgefield
POB 725
Edgefield, S.C. 29824

 

                                                                                    _____
                                                                                    MARIAN L. BORUM
                                                                                    Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY LEWIS BEY,              )<br>                              )<br>            Plaintiff,         )<br>                              )<br>    v.                        )<br>                              )<br>                              )<br>U.S. DEPARTMENT OF JUSTICE,   )<br>                              )<br>            Defendant.        ) | Civil Action No. 05-1076 (JGP) |

## ORDER

UPON CONSIDERATION of defendant's Motion for Enlargement of Time, the merits thereof, and for good cause shown, it is this ____ day of _____, 2006

HEREBY ORDERED that the motion is granted, and it is

FURTHER ORDERED that defendant shall have up to an including January 15, 2007 in which to respond to plaintiff *pro se*'s opposition to defendant's motion for summary judgment..


Date _____                    _____
                                            UNITED STATES DISTRICT JUDGE