UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JERRY LEWIS BEY,** )<br>        **Plaintiff,** )<br> ) <br>        v. )<br> )<br>**U.S. DEPARTMENT OF JUSTICE,** )<br>**Federal Bureau of Investigation,** )<br>        **Defendant.** )<br> ) | Civil Action No. 05-1076 (JGP) |

### DEFENDANT'S REPLY TO PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S FOURTH MOTION FOR SUMMARY JUDGMENT

**I. INTRODUCTION**

This case arises under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 522a, collectively referred to as FOIPA, and pertains to the processing of plaintiff *pro se*'s FOIPA requests to the Federal Bureau of Investigation ("FBI"). Defendant files this Reply in response to Plaintiff's Opposition to Defendant's Third Motion for Summary Judgment. See Docket Entry No. 39.

To facilitate review of this matter, the Court respectfully is referred to the Fifth Declaration of David M. Hardy ("Fifth Hardy Dec.") attached hereto as Exhibit 1, which incorporates the following: the Fourth Declaration of David M. Hardy ("Fourth Hardy Dec."), which was filed with the Court on October 12, 2006 with Defendant's Reply to Plaintiff's Motion in Opposition to Defendant's Third Motion for Summary Judgment; the Third Declaration of David M. Hardy, which was filed with the Court on May 19, 2006 with Defendant's Second Motion for Summary Judgment; the Second Declaration of David M. Hardy, which was filed with the Court on May 18, 2006 with Defendant's Reply to Plaintiff's

Opposition to Defendant's Second Motion for Summary Judgment; the First Declaration of David M. Hardy, which was filed with the Court on October 25, 2005 with Defendant's Motion for Summary Judgment; and attachments thereto as well as the entire record in this case.

The Fifth Hardy Declaration was prepared by David M. Hardy, Section Chief, Record/Information Dissemination Section, Records Management Division at Federal Bureau of Investigation Headquarters ("FBIHQ").  Fifth Hardy Dec. ¶ 1.  Mr. Hardy is familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the Freedom of Information Act and the Privacy Act.  Id. at ¶ 3.  Specifically, Mr. Hardy is aware of the treatment which has been afforded the specific FOIA request of plaintiff "which seeks access to all records concerning his ex-wife Tonya Lewis Bey, also known as Tonya Timmons and Tonya Brown, which are contained in FBI St. Louis Office File Number 245B-SL-5." Id.  The Fifth Hardy Declaration demonstrates, through detailed, non-conclusory and good-faith averments that the FBI engaged in a good-faith effort to conduct a search for the requested records, using methods which could reasonably be expected to produce the information requested, and provides the Court with the requisite basis to grant defendant's motion for summary judgment.

## II. BACKGROUND INFORMATION

On June 7, 2006, plaintiff filed a Motion in Opposition to Defendant's Second Motion for Summary Judgment.  See Docket Entry No. 30.  In plaintiff's motion, he argued that, in response to his FOIA request, defendant did not conduct an adequate search for records in Federal Bureau of Investigation St. Louis Office File Number 245B-SL-5, concerning his ex-wife, in her former name, Tonya Brown.  See Plaintiff's Motion in Opposition to Defendant's Second Motion for

Summary Judgment at pp. 3, 6. In response to plaintiff's motion, all documents contained in St. Louis Office File Number 245B-SL-5 were manually reviewed to locate any document with information in the names of Tonya Brown as well as Tonya Lewis Bey. See Defendant's Reply to Plaintiff's Motion in Opposition to Defendant's Second Motion for Summary Judgment at p. 4; Fourth Hardy Dec. at ¶ 10. This search resulted in the location of 639 pages of documents which were released to plaintiff. See id. at 5; Fourth Hardy Dec. at ¶ 12.[1]

On November 16, 2006, plaintiff filed a Motion in Opposition to Defendant's Third Motion for Summary Judgment. See Docket Entry No. 39. In that motion, plaintiff "acknowledge[d] that 639 pages were located and released to [him.]" Plaintiff's Opposition to Defendant's Third Motion for Summary Judgment at p. 2. However, plaintiff indicated that material facts were still in dispute because surveillance airplane records, surveillance photos and videotapes of him and "Tonya Brown Bey," which were referenced in selected released pages, were not released to him.[2] See id. Specifically, plaintiff argued that released pages Tonya-11, 12, 13, 121, 157 and 222 indicated the existence of FBI surveillance airplane records and surveillance photos of plaintiff and Tonya Brown Bey.[3] See id. at 2. He also argued that Tonya-12 indicated the existence of videotapes of him and Tonya Brown Bey. Id. However, according

---

[1] The 639 pages were number Tonya-1 through Tonya-639. Of the 639 pages, 378 pages were released in their entirety and 261 pages were released with redactions of certain information pursuant to Privacy Act Exemption (j)(2), 5 U.S.C. § 552a(j)(2) and FOIA Exemptions (b)(3), (b)(6) and (b)(7)(c), 5 U.S.C. § 552(b)(3), (b)(6) and (b)(7)(c).

[2] In this motion, plaintiff referred to Tonya Brown, also known as Tonya Lewis Bey and Tonya Timmons, as Tonya Brown Bey.

[3] Tonya-11 and Tonya-13 reference airplane surveillance. However, neither document indicates that surveillance records were created. Plaintiff's Opposition to Defendant's Third Motion for Summary Judgment, Exhibits Tonya-11 and Tonya-13.

to the Fifth Hardy Declaration, "all documents contained in St. Louis Office File Number 245B-SL-5 were manually searched and reviewed in an effort to locate the records sought by plaintiff." Fifth Hardy Dec. at ¶ 7. The file did not contain any surveillance airplane records, surveillance photos or videotapes of either plaintiff or Tonya Brown. Id.

### III.  ARGUMENT

      Under the FOIA an agency has a duty to conduct a "reasonable" search for responsive records. See, e.g., Oglesby v. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Weisberg v. Dep't of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983). Although the adequacy of the search is "dependent upon the circumstances of each case," Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990); accord Maynard v. CIA, 986 F.2d 547, 559 (1st Cir. 1993), the agency "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68; Maynard, 986 F.2d 559; SafeCard Servs. v. SEC, 926 F.2d 1197, 2101 (D.C. Cir. 1991). In this connection, it is axiomatic that the fundamental question is not "'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); accord Nation Magazine v. Customs Service, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995); Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986).

      In order to prove that its search was reasonable, the agency is entitled to rely upon affidavits, provided that they are "relatively detailed, nonconclusory, and submitted in good faith." Pollack v. Bureau of Prisons, 879 F.2d 406, 409 (8th Cir. 1989); accord Weisberg, 705

F.2d at 1351; Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982) ("affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA"). Such affidavits should show "that the search method was reasonably calculated to uncover all relevant documents," and should "explain how the search was conducted." Oglesby, 920 F.2d at 68; and see Maynard, 986 F.2d at 559.

Further, the mere "fact that a document once existed does not mean that it now exists; nor does the fact that an agency created [or received] a document necessarily imply that the agency has retained it." Maynard, 982 F.2d 564. Moreover, even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).

The Fifth Hardy Declaration explains in detail the adequate search performed by the FBI in response to plaintiff's request. "Each line of each page within St. Louis Office Number 245B-SL-5 was searched and reviewed [by a Legal Administrative Specialist in the FBI's Litigation Support Unit]." Fifth Hardy Dec. at ¶ 7. This search did not reveal "any surveillance videotapes or photographs of either plaintiff or Tonya Lewis Bey and there [were] no airplane surveillance records concerning either plaintiff or Tonya Lewis Bey . . . ." Id.

As indicated in the declaration, although there were "written indications of these records in six pages [which were released to plaintiff from St. Louis Office File 245B-SL-5,]" Fifth Hardy Dec. ¶ 6, there were no further indications within the file that these "records were ever in the possession of the FBI or . . . ever included in [the] St. Louis Office file . . . ." Id. at ¶ 7.

According to the declaration, "'the Bureau of Alcohol, Tobacco and Firearms ("BATF") installed [the] time lapse video system' to record the activity outside of the apartment shared by plaintiff and Tonya Lewis Bey . . . ." Id. at ¶ 8 (quoting Plaintiff's Opposition to Defendant's Third Motion for Summary Judgment, Exhibit Tonya-12).  This time lapse video system could have been the "source of the surveillance photographs referred to on pages designated Tonya-121, 157 and 222 . . . ." Id.[4]  Therefore, the BATF could have retained any videotapes or surveillance photos created.  Id. at ¶ 9.  Moreover, although the "surveillance tapes were reviewed on a daily basis by members of the [BATF, St. Louis Police Department,] and FBI Special Agents, there [was] no documentary evidence within St. Louis Office File [Number 245B-SL-5] that the videotapes were ever in the possession of the FBI [or] subsequently filed in the St. Louis Office File." Id.

    Therefore, as demonstrated in the Fifth Hardy Declaration, defendant's search was both thorough and complete.  In conducting its search for records responsive to plaintiff's FOIA request, defendant searched in the location where records reasonably responsive to plaintiff's request logically could have been found.  No records responsive to plaintiff's request were located.

---

[4]"Still frames of videotape can be reproduced as single photographs." Fifth Hardy Dec. at ¶ 8.

## IV. **CONCLUSION**

For the reasons set forth above and the entire record in this case, defendant respectfully requests that its motion for summary judgment be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-6531
Counsel for Defendant

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this 11th day of January, 2007, a copy of the foregoing was sent by First-Class Mail, postage prepaid, to:

**JERRY LEWIS-BEY**
**R22328-044**
**EDGEFIELD FEDERAL CORRECTIONAL INSTITUTION**
**P.O. Box 725**
**Edgefield, SC 29824**

/s/
MARIAN L. BORUM
Assistant United States Attorney