**Defendant's Exhibit No. 1**
**Jerry Lewis Bey v. U.S. Department of Justice,**
**Civil No. 05-1076 (JPG)**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| JERRY LEWIS BEY, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action Number <br> 05-1076 (JPG) |

### FIFTH DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1) I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney, and have been licensed to practice law in the State of Texas since 1980.

(2) In my official capacity as Section Chief of RIDS, I supervise approximately 206 employees who staff a total of ten (10) units and a field operational service center unit whose

collective mission is to effectively plan, develop, direct and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act (PA) of 1974, 5 U.S.C. § 552a, collectively referred to as FOIPA. Specifically, I am aware of the treatment which has been afforded the FOIPA request of plaintiff, Jerry Lewis Bey, which seeks access to all records concerning his ex-wife Tonya Lewis Bey, also known as Tonya Timmons, also known as Tonya Brown, which are contained in St. Louis Office file number 245B-SL-5. In addition, I am aware of the documents concerning this litigation which have been filed with this Court, including my first four declarations; Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment dated October 12, 2006, and Plaintiff's Motion in Opposition to Defendant's Motion for Entry of Summary Motion dated November 16, 2006 (hereinafter "Plaintiff's Opposition Motion").

(4) This fifth declaration supplements, and hereby incorporates, the first declaration of David M. Hardy dated October 25, 2005 ("First Hardy Declaration"), the second declaration of

David M. Hardy dated May 18, 2006 ("Second Hardy Declaration"), the third declaration of David M. Hardy dated May 18, 2006 ("Third Hardy Declaration"), and the fourth declaration of David M. Hardy dated October 12, 2006 ("Fourth Hardy Declaration").

(5) The purpose of this declaration is to provide the Court and the plaintiff with further information concerning the issue raised by plaintiff in Plaintiff's Opposition Motion, in which he asserted that the records released to him as Exhibit A of the Fourth Hardy Declaration contain indications that additional records exist in St. Louis Office file number 245B-SL-5 concerning surveillances of plaintiff and Tonya Lewis Bey that were not processed for release to him. This declaration will provide information to the Court and the plaintiff concerning the search and review of St. Louis Office file number 245B-SL-5 for these records sought by plaintiff.

(6) In Plaintiff's Opposition Motion, plaintiff states that his FOIPA request for records concerning his ex-wife Tonya Lewis Bey has not been completed by the FBI inasmuch as the records released to him as Exhibit A of the Fourth Hardy Declaration contain indications that additional records exist in St. Louis Office file number 245B-SL-5 concerning surveillances of plaintiff and Tonya Lewis Bey that were not processed for release to him. Specifically, plaintiff states that "there exist FBI surveillance airplane records and surveillance photos of plaintiff and his then girlfriend Tonya Brown Bey" and that there are written indications of these records in six pages of Exhibit A of the Fourth Hardy, specifically the pages designated as Tonya-11, 12, 13, 121, 157 and 222. Plaintiff also states that there is a written indication on the page designated as Tonya-12 that "there exist video tapes of plaintiff and Tonya Brown Bey." In addition, plaintiff attached copies of these six pages as Exhibits to Plaintiff's Opposition Motion.

Plaintiff further states that since the FBI has not processed these records for release to him, there "still exist material facts in dispute which clearly show Defendant is not entitled to an entry of Summary Judgement as Defendant has not satisfied its obligation under the FOIA." (See **Plaintiff's Motion in Opposition to Defendant's Motion for Entry of Summary Motion dated November 16, 2006).**

(7)  Pursuant to plaintiff's assertion of non-completion of his FOIPA request, all documents contained in St. Louis Office file number 245B-SL-5 were manually searched and reviewed in an effort to locate the records sought by plaintiff. This search and document review was conducted by a Legal Administrative Specialist ("LAS") in the Litigation Support Unit ("LSU") of RIDS at FBIHQ. Each line of each page within St. Louis Office file number 245B-SL-5 was searched and reviewed for these records without success. This file does not contain any surveillance videotapes or photographs of either plaintiff or Tonya Lewis Bey and there are no airplane surveillance records concerning either plaintiff or Tonya Lewis Bey other than the references to this airplane surveillance in the records already released to him. Additionally, there are no further indications within this file that any such records were ever in the possession of the FBI and subsequently filed in the St. Louis Office file.

(8)  It should be noted that on the page designated as Tonya-12, it is stated that "the Bureau of Alcohol, Tobacco and Firearms ("BATF") installed a time lapse video system" to record the activity outside the apartment shared by plaintiff and Tonya Lewis Bey in 1986. Such a time lapse video system could also possibly be the source of the surveillance photographs referred to on the pages designated as Tonya-121, 157 and 222, inasmuch as still frames of

videotape can be reproduced as single photographs.

(9)   It should be noted that although it is stated on the pages designated as Tonya-12 and 13 that these surveillance videotapes were reviewed on a daily basis by members of the Organized Crime Drug Enforcement Task Force, including FBI Special Agents, there is no documentary evidence within the St. Louis Office file that the videotapes were ever in the possession of the FBI and subsequently filed in the St. Louis Office file. Inasmuch as it was not the FBI, but rather the BATF, another federal law enforcement agency, that installed the video surveillance system, the possibility exists that any such surveillance photographs or videotapes of plaintiff and Tonya Lewis Bey could therefore have been retained within the records of the BATF.

## CONCLUSION

(10)   The thorough and complete search and review of all of the documents contained in St. Louis Office file number 245B-SL-5 conducted by the FBI has determined that this file does not contain any airplane surveillance records, surveillance photographs, or surveillance videotapes of plaintiff and Tonya Lewis Bey. This search and review has also determined that, although FBI Special Agents reviewed the surveillance videotapes taken by the BATF video system of the outside of the apartment shared by plaintiff and Tonya Lewis Bey in 1986, there is no documentary evidence within the St. Louis Office file that these surveillance videotapes were ever in the possession of the FBI and subsequently filed in the St. Louis Office file.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of January, 2007.

*[signature]*
DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Federal Bureau of Investigation
Washington, D.C.