UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY LEWIS BEY,<br><br>                 Plaintiff,<br><br>            v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>Federal Bureau of Investigation,<br><br>                 Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 05-1076 (JGP)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY TO PLAINTIFF'S MOTION IN OPPOSITION TO
DEFENDANT'S FOURTH MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

This case arises under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 522a, collectively referred to as FOIPA, and pertains to the processing of plaintiff *pro se*'s FOIPA requests to the Federal Bureau of Investigation ("FBI"). Defendant files this Reply in response to Plaintiff's Opposition to Defendant's Fourth Motion for Summary Judgment. See Docket Entry No. 42.

To facilitate review of this matter, the Court respectfully is referred to the Sixth Declaration of David M. Hardy ("Sixth Hardy Dec.") attached hereto as Exhibit 1, which incorporates the following: the Fifth Declaration of David M. Hardy ("Fifth Hardy Dec."), which was filed with the Court on January 12, 2007 with Defendant's Reply to Plaintiff's Motion in Opposition to Defendant's Fourth Motion for Summary Judgment; the Fourth Declaration of David M. Hardy, which was filed with the Court on October 12, 2006 with Defendant's Reply to Plaintiff's Motion in Opposition to Defendant's Third Motion for Summary Judgment; the Third

Declaration of David M. Hardy, which was filed with the Court on May 19, 2006 with Defendant's Second Motion for Summary Judgment; the Second Declaration of David M. Hardy, which was filed with the Court on May 18, 2006 with Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment; the First Declaration of David M. Hardy, which was filed with the Court on October 25, 2005 with Defendant's Motion for Summary Judgment; and attachments thereto as well as the entire record in this case.

The Sixth Hardy Declaration was prepared by David M. Hardy, Section Chief, Record/Information Dissemination Section, Records Management Division at Federal Bureau of Investigation Headquarters ("FBIHQ").  Sixth Hardy Dec. ¶ 1.  Mr. Hardy is familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the Freedom of Information Act and the Privacy Act.  Id. at ¶ 3.  Specifically, Mr. Hardy "is aware of the treatment which has been afforded the FOIA request of plaintiff . . . which seeks access to all records concerning his ex-wife Tonya Lewis Bey, also known as Tonya Timmons [and] Tonya Brown, which are contained in [FBI] St. Louis Office file number 245B-SL-5."  Id.  The Fifth and Sixth Hardy Declarations demonstrate, through detailed, non-conclusory and good-faith averments that the FBI engaged in a good-faith effort to conduct a search for the requested records, using methods which could reasonably be expected to produce the information requested, and provides the Court with the requisite basis to grant defendant's motion for summary judgment.

## II.  FACTUAL BACKGROUND

On November 16, 2006, plaintiff filed a Motion in Opposition to Defendant's Third Motion for Summary Judgment.  See Docket Entry No. 39.  In that motion, plaintiff

"acknowledge[d] that 639 pages were located and released to [him.]" Plaintiff's Opposition to Defendant's Third Motion for Summary Judgment at p. 2. Plaintiff, nevertheless, indicated that material facts were still in dispute because surveillance airplane records, surveillance photos and videotapes of him and "Tonya Brown Bey," which were referenced in selected released pages, were not released to him.[1] See id. However, according to the Fifth Hardy Declaration, "all documents contained in St. Louis Office File Number 245B-SL-5 were manually searched and reviewed in an effort to locate the records sought by plaintiff." Fifth Hardy Dec. at ¶ 7. The file did not contain any surveillance airplane records, surveillance photos or videotapes of either plaintiff or Tonya Brown. Id.

In plaintiff's most recent motion, he argues that "the surveillance photos referred to on pages designated as TONYA-121, 157 and 222 was (sic) in fact in the possession of the St. Louis FBI office and the FBIHQ." See Plaintiff's Motion in Opposition to Defendant's Motion for Entry of Summary Judgment ("Pltf's Opp.") at p. 2. He attaches two Exhibits to support his argument. Exhibits 1 is an Airtel from the St. Louis FBI Field Office to the Photographic Processing Unit at FBIHQ, dated May 27, 1986. This Airtel "forwarded one roll of color film [and] requested that the roll of film be developed; that one copy of each photograph be printed as a 3.5 by 5 inch photograph; and that the photographs be returned to the St. Louis Field Office." Sixth Hardy Dec. at ¶ 7. "Exhibit 2 is an Airtel from the St. Louis FBI Field Office to the Photographic Processing Unit at FBIHQ dated August 21, 1986, which forwarded one roll of color film [and made the same] request[s] . . . ." Id. Plaintiff asserts that these exhibits establish

---

[1]In this motion, plaintiff referred to Tonya Brown, also known as Tonya Lewis Bey and Tonya Timmons, as Tonya Brown Bey.

that the photographs he seeks are contained in St. Louis FBI file 245B-SL-245. Plaintiff is incorrect.

First, there is no indication that "the surveillance photos referred to on pages designated TONYA-121, 157 and 222[,]" are the same surveillance photographs that are referenced in Exhibits 1 and 2. Id. at ¶8. In fact, the exhibits do not reveal the specific content of the photographs being developed at FBIHQ. See Pltf's Opp. Exhibits 1 and 2. Second, Exhibits 1 and 2 are dated May 27, 1986 and June 21, 1986 respectively. See id. A review of all of the documents dated after May 27, 1986 did not reveal any other "references to these photographs[;] the . . . dates [that] . . . developed photographs were returned to the St. Louis Field Office by the Photographic Processing Unit at FBIHQ[;] the content of the photographs[;] or whether any of the[] photographs were retained by the St. Louis Field Office and subsequently filed in St. Louis Office file number 245B-SL-5." Sixth Hardy Dec. at ¶ 8. Third, a manual review of St. Louis FBI file 245B-SL-245 revealed that the file did "not contain any surveillance videotapes or photographs of either plaintiff or Tonya Lewis Bey . . . ." Fifth Hardy Dec. at ¶ 7. In fact, "the only surveillance photographs [that are] in the file are photographs of a purchase of narcotics in 1985 from Vernon Whitlock, another subject of this Narcotics investigation, who was subsequently convicted." Id. at ¶ 9. In addition, "[t]here [were] no airplane surveillance records concerning plaintiff or Tonya Lewis Bey other than the references to th[e] airplane surveillance in the records already released to [plaintiff]." Id. at ¶ 7.

Plaintiff also argues that the declarant's suggestion "that the time lapse video system [installed by the Bureau of Alcohol, Tobacco and Firearms] could possibly be the source of the surveillance photographs referred to on the pages designated as TONYA-121, 157 and 222 . . .

[is] misleading and false." Pltf's Opp. at p. 2.  Without any factual basis, plaintiff states that the surveillance photographs referred to "were taken with a surveillance photo camera and was (sic) forwarded to the Photographic Processing Unit at the FBIHQ." Pltf's Opp. at p. 2.  Therefore, plaintiff concludes that these surveillance photographs were "in the possession of the St. Louis FBI Office and the FBIHQ." Id.  While it could be that the surveillance photographs were taken with a "surveillance photo camera," the fact remains that a manual search of FBI St. Louis File Number 245B-SL-5 did not reveal any surveillance photographs of plaintiff or Tonya Lewis Bey. See Fifth Hardy Dec. at ¶ 7. Because no such photographs were located, the declarant merely suggested there could be another source of the photographs which plaintiff seeks.  See Sixth Hardy Dec. at ¶ 10.

### III.  ARGUMENT

Under the FOIA an agency has a duty to conduct a "reasonable" search for responsive records.  See, e.g., Oglesby v. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Weisberg v. Dep't of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983).  Although the adequacy of the search is "dependent upon the circumstances of each case," Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990); accord Maynard v. CIA, 986 F.2d 547, 559 (1st Cir. 1993), the agency "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68; Maynard, 986 F.2d 559; SafeCard Servs. v. SEC, 926 F.2d 1197, 2101 (D.C. Cir. 1991).  In this connection, it is axiomatic that the fundamental question is not "'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994)

5

(quoting Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); accord Nation Magazine v. Customs Service, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995); Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986).

In order to prove that its search was adequate, the agency is entitled to rely upon affidavits, provided that they are "relatively detailed, nonconclusory, and submitted in good faith." Pollack v. Bureau of Prisons, 879 F.2d 406, 409 (8th Cir. 1989); accord Weisberg, 705 F.2d at 1351; Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982) ("affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA").  Such affidavits should show "that the search method was reasonably calculated to uncover all relevant documents," and should "explain how the search was conducted." Oglesby, 920 F.2d at 68; and see Maynard, 986 F.2d at 559.

Further, the mere "fact that a document once existed does not mean that it now exists; nor does the fact that an agency created [or received] a document necessarily imply that the agency has retained it." Maynard, 982 F.2d 564.  Moreover, even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).

The Fifth Hardy Declaration explained in detail the adequate search performed by the FBI in response to plaintiff's request.  "Each line of each page within St. Louis Office Number 245B-SL-5 was searched and reviewed [by a Legal Administrative Specialist in the FBI's Litigation Support Unit]." Fifth Hardy Dec. at ¶ 7.  This search did not reveal "any surveillance videotapes

6

or photographs of either plaintiff or Tonya Lewis Bey and there [were] no airplane surveillance records concerning either plaintiff or Tonya Lewis Bey . . . ." Id.

The Sixth Hardy Declaration explained that a "complete review of the St. Louis Office file . . . determined that the only surveillance photographs in the file are photographs of a purchase of narcotics in 1985 from Vernon Whitlock . . . . None of these . . . photographs contain any images of either plaintiff or Tonya Lewis Bey." Sixth Hardy Dec. at ¶ 10.

Therefore, as demonstrated in the Fifth and Sixth Hardy Declarations, defendant's search was both thorough and complete. In conducting its search for records responsive to plaintiff's FOIA request, defendant searched in the location where records reasonably responsive to plaintiff's request logically could have been found. No records responsive to plaintiff's request were located.

## IV.  CONCLUSION

For the reasons set forth above and the entire record in this case, defendant respectfully requests that its motion for summary judgment be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendant

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this 6th day of March, 2007, a copy of the foregoing was sent by First-Class Mail, postage prepaid, to:

**JERRY LEWIS-BEY**
**R22328-044**
**EDGEFIELD FEDERAL CORRECTIONAL INSTITUTION**
**P.O. Box 725**
**Edgefield, SC 29824**

/s/
MARIAN L. BORUM
Assistant United States Attorney