UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY LEWIS- BEY, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>) | Civil Action Number<br>05-1076 (JPG) |

## SIXTH DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)   I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney, and have been licensed to practice law in the State of Texas since 1980.

(2)   In my official capacity as Section Chief of RIDS, I supervise approximately 200 employees who staff a total of ten (10) units and a field operational service center unit whose collective

mission is to effectively plan, develop, direct and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act (PA) of 1974, 5 U.S.C. § 552a, collectively referred to as FOIPA. Specifically, I am aware of the treatment which has been afforded the FOIPA request of plaintiff, Jerry Lewis Bey, which seeks access to all records concerning his ex-wife Tonya Lewis Bey, also known as Tonya Timmons, also known as Tonya Brown, which are contained in St. Louis Office file number 245B-SL-5. In addition, I am aware of the documents concerning this litigation which have been filed with this Court, including my first five declarations; Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment dated October 12, 2006; Plaintiff's Motion in Opposition to Defendant's Motion for Entry of Summary Motion dated November 16, 2006 (hereinafter "Plaintiff's Opposition Motion dated November 16, 2006"); Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment dated January 12, 2007, and Plaintiff's Motion in Opposition to Defendant's Motion for Entry of Summary Motion dated February 22, 2007 (hereinafter "Plaintiff's Opposition Motion dated February 22, 2007").

(4) This sixth declaration supplements, and hereby incorporates, the first declaration of David M. Hardy dated October 25, 2005 ("First Hardy Declaration"), the second declaration of David M. Hardy dated May 18, 2006 ("Second Hardy Declaration"), the third declaration of David M. Hardy dated May 18, 2006 ("Third Hardy Declaration"), the fourth declaration of David M. Hardy dated October 12, 2006 ("Fourth Hardy Declaration"), and the fifth declaration of David M. Hardy dated January 12, 2007 ("Fifth Hardy Declaration").

(5) The purpose of this declaration is to provide the Court and the plaintiff with further information concerning the issues raised by plaintiff in Plaintiff's Opposition Motion dated February 22, 2007, in which he asserted that the Fifth Hardy Declaration contains "misleading and false" assertions, that "there still exist a genuine issue of material fact that is in dispute" and that therefore "defendant's motion for summary judgement [should] be denied." (See **Plaintiff's Opposition Motion dated February 22, 2007).**

(6) Specifically, plaintiff asserts that Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment dated January 12, 2007, and the Fifth Hardy Declaration incorrectly stated that a) "the FBI engaged in a good-faith effort to conduct a search for the requested records and that no records (surveillance airplane records, surveillance photos and video tapes) were located" and that "there was no further indication within the St. Louis FBI file 245B-SL-5 that these records were ever included in [the] St. Louis office file" and b) "that the time lapse video system could possibly be the source of the surveillance photographs referred to on the pages designated as TONYA-121, 157 and 222 inasmuch as still frames of videotape can be reproduced as single photographs."

(See **Plaintiff's Opposition Motion dated February 22, 2007**).

(7) In support of his assertion that these statements by the FBI are "misleading and false", plaintiff has attached copies of two FBI documents as Exhibits 1 and 2 to Plaintiff's Opposition Motion dated February 22, 2007. Exhibit 1 is an Airtel from the St. Louis FBI Field Office to the Photographic Processing Unit at FBIHQ dated May 27, 1986, which forwarded one roll of color film with the request that the roll of film be developed, that one copy of each photograph be printed as a 3.5 by 5 inch photograph, and that the photographs be returned to the St. Louis Field Office. Exhibit 2 is an Airtel from the St. Louis FBI Field Office to the Photographic Processing Unit at FBIHQ dated August 21, 1986, which forwarded one roll of color film with the request that the roll of film be developed, that one copy of each photograph be printed as a 3.5 by 5 inch photograph, and that the photographs be returned to the St. Louis Field Office. Plaintiff asserted that these FBI documents are therefore documentary evidence that "the surveillance photos referred to on pages designated as TONYA-121, 157 and 222 was in fact in the possession of the St. Louis FBI office and the FBIHQ", that therefore "information relating to these photos was in St. Louis file 245B-SL-5", and that "these photographs was not reproduced from the video tapes, rather, the photographs were taken with a surveillance photo camera and was forwarded to the Photographic Processing Unit at the FBIHQ." Plaintiff concludes that based on these assertions, "It's clear there has not been a thorough and complete search and review of all documents contained in St. Louis office file 245B-SL-5 by the FBI, as there do exist records showing the surveillance photographs were in this file and was in fact

processed at FBIHQ." **(See Plaintiff's Opposition Motion dated February 22, 2007).**

(8) It is noted that these two FBI documents are contemporaneous with the surveillance photographs referred to in the pages designated as TONYA-121, 157 and 222. However, it should also be noted that these two FBI documents do not reveal the specific content of the photographs being developed at FBIHQ or that these photographs were, in fact, "the surveillance photos referred to on pages designated as TONYA-121, 157 and 222" as plaintiff asserted in his Opposition Motion. In addition, a review of all of the documents dated after May 27, 1986, did not locate any further references to these photographs, the actual dates when the developed photographs were returned to the St. Louis Field Office by the Photographic Processing Unit at FBIHQ, the content of these photographs, or whether some or all of these photographs were retained by the St. Louis Field Office and subsequently filed in St. Louis Office file number 245B-SL-5. **(See Plaintiff's Opposition Motion dated February 22, 2007).**

(9) As previously stated in the Fifth Hardy Declaration, the thorough and complete search and review of all of the documents contained in St. Louis Office file number 245B-SL-5 conducted by the FBI has determined that this file does not contain any airplane surveillance records, surveillance photographs or surveillance videotapes of either plaintiff or Tonya Lewis Bey. This complete review of the St. Louis Office file has also determined that the only surveillance photographs in this file are photographs of a purchase of narcotics in 1985 from Vernon Whitlock, another subject of this Narcotics investigation who was subsequently convicted. None of these 1985 surveillance photographs contain any images of either plaintiff or Tonya Lewis Bey. **(See the Fifth Declaration of**

**David M. Hardy dated January 12, 2007).**

(10) In addition, as previously stated in Paragraphs 8 and 9 of the Fifth Hardy Declaration, it was the Bureau of Alcohol, Tobacco and Firearms ("BATF") that installed a time lapse video system to record the activity outside the apartment shared by plaintiff and Tonya Lewis Bey in 1986. Such a time lapse video system could also possibly be the source of the surveillance photographs referred to on the pages designated as Tonya-121, 157 and 222, inasmuch as still frames of videotape can be reproduced as single photographs. Inasmuch as it was not the FBI, but rather the BATF, another federal law enforcement agency, that installed the video surveillance system, the possibility exists that any such surveillance photographs or videotapes of plaintiff and Tonya Lewis Bey could therefore have been retained within the records of the BATF. **(See the Fifth Declaration of David M. Hardy dated January 12, 2007).**

## CONCLUSION

(11) The thorough and complete search and review of all of the documents contained in St. Louis Office file number 245B-SL-5 conducted by the FBI has determined that this file does not contain any airplane surveillance records, surveillance photographs, or surveillance videotapes of plaintiff and Tonya Lewis Bey. This search and review has also determined that, although FBI Special Agents reviewed the surveillance videotapes taken by the BATF video system of the outside of the apartment shared by plaintiff and Tonya Lewis Bey in 1986, there is no documentary evidence within the St. Louis Office file that these surveillance videotapes were ever in the possession of the FBI and subsequently filed in the St. Louis Office file. The two FBI documents that plaintiff asserts contain

documentary evidence that the surveillance photographs of himself and Tonya Lewis Bey do not identify the content of the photographs sent to FBIHQ in 1986 for developing and printing. There are no further references within the St. Louis Office file to these photographs, the actual dates when the developed photographs were returned to the St. Louis Field Office by the Photographic Processing Unit at FBIHQ, the content of these photographs, or whether some or all of these photographs were retained by the St. Louis Field Office and subsequently filed in St. Louis Office file number 245B-SL-5.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of March, 2007.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Federal Bureau of Investigation
Washington, D.C.