UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JERRY LEWIS BEY,

        Plaintiff,

v.                                       Civil Action No. 05-1076 (JGP)

U.S. DEPARTMENT OF JUSTICE,

        Defendant.

### MEMORANDUM OPINION

This matter is before the Court on defendant's two motions for summary judgment [15, 28].[1] Having considered defendant's motions and accompanying declarations, plaintiff's oppositions, and the entire record of this case, the Court will grant summary judgment for defendant.

### I. BACKGROUND

Plaintiff brings this action against the United States Department of Justice ("DOJ") pursuant to the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552. This action pertains to three FOIA requests that plaintiff filed with the Federal Bureau of Investigation ("FBI"), which is a component of the DOJ.

---

[1] Plaintiff filed an Amended Complaint on May 27, 2005. Assuming that the plaintiff had abandoned the claims set forth in the initial Complaint, defendant's first motion for summary judgment addressed only the claims raised in the Amended Complaint. Plaintiff made clear in later filings, however, that he intended to pursue all claims raised in both pleadings. Accordingly, defendant filed a second motion for summary judgment addressing the claims raised in the initial Complaint.

*A. Request for Plaintiff's Telephone Records*

Plaintiff sent a FOIA request to the FBI's Headquarters ("FBIHQ") for "records on Plaintiff (Jerry Lewis Bey), residential home telephone number[s] (314) 741-3341 and (314) 355-6721." Am. Compl. ¶ 1 & Ex. G (August 30, 2002 FOIA Request to FBIHQ). According to plaintiff, this information would be found in "St. Louis FBI file [245B-5], which is Titled "Jerry Lewis Bey, et. al. Moorish Science temple of America." *Id.* ¶ 1. Plaintiff initially limited his request to "only . . . long-distance toll-records for the month of November 1985." *Id.* ¶ 2, Ex. G. FBIHQ assigned this matter Request Number 967782. *See* Memorandum in Support of Defendant's Motion for Summary Judgment ("Def.'s First Summ. J. Mot."), Declaration of David M. Hardy ("First Hardy Decl.") ¶ 8 & Ex. B (September 27, 2002 letter from D.M. Hardy, Section Chief, Freedom of Information, Privacy Acts Section, Records Management Division, FBIHQ). A subsequent letter from plaintiff requested toll records only for his home telephone number (314) 355-6721, but sought records from July through December 1985. *Id.* ¶ 9 & Ex. C (May 9, 2003 letter to Freedom of Information Officer, St. Louis Field Office).

On November 6, 2003, after review of "528 pages of records from Subfiles C through I and Subfiles K through M of St. Louis file 245B-SL-5," FBIHQ released 458 pages of records to plaintiff, while withholding certain information under Exemptions 2, 7(C), 7(D), 7(E), and 7(F). *See* First Hardy Decl. ¶ 12 & Ex. F (November 6, 2003 letter from D.M. Hardy). FBIHQ considered this release the final resolution of Request Number 967782 and two prior FOIA requests for records maintained in St. Louis file 245B-SL-5. *Id.* Plaintiff deemed the documents nonresponsive to his FOIA request, and returned them to FBIHQ. *Id.* ¶ 15 & Ex. I (November 29, 2003 letter to D.M. Hardy). He filed an administrative appeal, assigned Appeal Number 04-1113, of FBIHQ's refusal to disclose the requested telephone toll records. *Id.* ¶¶ 19-20 & Ex. M

(February 7, 2004 letter to Office of Information and Privacy ("OIP")), Ex. N (March 4, 2004 letter from P. Jones, Administrative Specialist, OIP). The appeal had not been decided when plaintiff filed this action.

### B. Request for Records Pertaining to Doris Lewis Bey

Doris Lewis Bey (also known as Doris Franklin) sent a FOIA request to FBIHQ on plaintiff's behalf for any information in St. Louis file 245B-SL-5 about herself. *See* Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Def.'s Second Mot."), Third Declaration of David M. Hardy ("Third Hardy Decl.") ¶ 7 & Ex. A (September 20, 2002 letter from Doris Lewis Bey to FBIHQ). This request was assigned Request Number 976807. *Id.* ¶ 10 & Ex. D (May 8, 2003 letter from D.M. Hardy). Plaintiff already had submitted a similar request to the St. Louis Field Office, which had "advised that a search of the manual and automated indices to the Central Records System at the St. Louis Field Office had located records responsive to his request." *Id.* ¶ 8 & Ex. B (letter from T.B. Bush, Special Agent in Charge, St. Louis Field Office). His request was forwarded to FBIHQ for processing. *Id.*

FBIHQ informed plaintiff that a search of the automated indices to the Central Records System at FBIHQ yielded no records pertaining to Doris Lewis Bey. *Id.* ¶ 10 & Ex. D. In addition, FBIHQ reviewed 15 pages of records obtained from the St. Louis Field Office and released 5 of them, Serials 70 and 71 of St. Louis file number 245-SL-5, withholding information under Exemptions 7(C) and 7(D). *Id.* ¶ 14 & Ex. H (July 15, 2003 letter from D.M. Hardy).

Doris J. Franklin sent a FOIA request to FBIHQ asking that the FBIHQ disclose all records pertaining to her in St. Louis file number 245B-SL-5 to plaintiff. Compl. ¶ 54 & Ex. A

3

(April 7, 2004 letter to D.M. Hardy); Third Hardy Decl. ¶ 15 & Ex. I (April 7, 2004 letter to D.M. Hardy). Plaintiff did not receive an acknowledgment of receipt of this request before the filing of this civil action. *See id.*, Ex. J (July 21, 2004 letter to FBIHQ), Ex. K (September 20, 2004 letter to D.M. Hardy), Ex. L (November 20, 2004 letter to FBIHQ).

### C. Request for Records Pertaining to Tonya Timmons

Tonya Timmons, who is also known as Tonya Lewis Bey and Tonya S. Brown, sent a request to FBIHQ asking that all information pertaining to herself, which was maintained in St. Louis file 245B-5, be released to plaintiff. Compl. ¶ 6 & Ex. B (April 9, 2004 letter to D.M. Hardy); Third Hardy Decl. ¶¶ 26-27 & Ex. T (April 9, 2004 letter to D.M. Hardy). A manual search of the St. Louis file ultimately located 639 pages of records which were redacted and released to plaintiff. *See* Defendant's Reply to Plaintiff's Motion in Opposition to Defendant's Second Motion for Summary Judgment [#11], Fourth Declaration of David M. Hardy ("Fourth Hardy Decl.") ¶¶ 10, 12.

## II. DISCUSSION

### A. Summary Judgment Standard

The Court grants a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact in dispute, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). Factual assertions in the moving party's affidavits may be accepted as true, unless the opposing party submits his own affidavits or documentary evidence that contradict the

movant's assertions. *Neal v. Kelly*, 295 U.S. App. D.C. 350, 353, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)); LCvR 7(h).

To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with the FOIA. *Steinberg v. United States Dep't of Justice*, 306 U.S. App. D.C. 240, 343, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 240 U.S. App. D.C. 339, 348, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). The Court may award summary judgment solely on the information provided in affidavits or declarations when such sworn statements describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information logically withheld falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[2] *Military Audit Project v. Casey*, 211 U.S. App. D.C. 135, 149, 656 F.2d 724, 738 (D.C. Cir. 1981).

### B. Adequacy of Search

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard*, 336 U.S. App. D.C. 386, 390, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 283 U.S. App. D.C. 86, 88, 897 F.2d 540, 542 (D.C. Cir. 1990)). An agency is obligated to make a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information

---

[2] In support of its motions for summary judgment, defendant submits six declarations of David M. Hardy, Section Chief of the Record/Information Dissemination Section, Records Management Division, at FBIHQ. First Hardy Decl. ¶ 1. In this capacity, Mr. Hardy supervises the Freedom of Information/Privacy Acts Litigation Support Unit. *Id.* ¶ 2. He is familiar with the FBI's procedures for responding to FOIA request generally, and is aware of the treatment of plaintiff's FOIA requests particularly. *Id.* ¶ 3.

requested." *Oglesby v. United States Dep't of Army*, 287 U.S. App. D.C. 126, 137, 920 F.2d 57, 68 (D.C. Cir. 1990) (citing *Weisberg*, 240 U.S. App. D.C. at 348, 745 F.2d at 1485). An agency may meet its burden by providing an affidavit or declaration which sets forth "the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." *Iturralde v. Comptroller of the Currency*, 354 U.S. App. D.C. 230, 232-33, 315 F.3d 311, 313-14 (D.C. Cir. 2003) (citing *Valencia-Lucena*, 336 U.S. App. D.C. at 391, 180 F.3d at 326).

1. FBI's Central Records System

The FBI's Central Records System ("CRS") "maintain[s] all information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities," including administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. First Hardy Decl. ¶ 22. General indices are used to access information in the CRS. *Id.* ¶ 23. These indices, which consist of "index cards" on various subject matters, fall into two categories: main entries and reference entries. *Id.* A main entry "carries the name corresponding with a subject of a file contained in the CRS." *Id.* A reference entry (also known as a cross-reference) generally is "a mere mention or reference to an individual, organization, etc., contained in a document located in another main file on a different subject matter." *Id.* The general indices are arranged in alphabetical order by subject name. *See id.* ¶ 24. A subject may be the name of an individual or an organization. "Searches made in the General Indices to locate records concerning a particular subject, such as 'Jerry Lewis Bey,' are made by searching the subject requested in the index." *Id.*

2. Search for Telephone Toll Records

In response to plaintiff's FOIA request, both FBIHQ and the St. Louis Field Office "initiated searches of their respective Automated General Indices to the CRS to identify any records concerning plaintiff." First Hardy Decl. ¶ 27. Using "Jerry Lewis Bey" as a search term, FBIHQ identified St. Louis Field Office main file number 245B-SL-5. *Id.* The Universal Case File Number assigned to this case, 245-SL-5, indicates that the type of investigation was narcotics (245), that the office of origin was St. Louis (SL), and that the particular investigation was assigned case file number 5. *Id*. ¶ 25(a). The file pertained to a narcotics investigation that was captioned "Jerry Lewis Bey; Vernon Whitlock, Jr.; the Moorish Science Temple of America, et al.; Narcotics Matter; Organized Crime Drug Enforcement Task Force Case." The investigation concerned the plaintiff, among others, and was conducted between 1983 and 1987 by the Organized Crime Drug Enforcement Task Force, of which the FBI's St. Louis Field Office was a participant. *Id.* ¶ 28. During that investigation, the FBI used confidential sources, cooperating witnesses, St. Louis Police Department officers, and an undercover FBI Special Agent "to investigate and gather evidence concerning the distribution of heroin, cocaine, Dilaudid and Preludin in the St. Louis area by plaintiff, Vernon Whitlock and other suspects." *Id.* Plaintiff was not indicted pursuant to this narcotics investigation. *Id.*

During the investigation, the FBI sought, and apparently obtained, telephone toll records of telephone number (314) 355-6721, for the period from July through December 1985, pursuant to an administrative subpoena served on the Southwestern Bell Telephone Company. First Hardy Decl. ¶¶ 29, 32. However, "a complete review of the documents contained in [the St. Louis] file" yielded no actual "telephone toll records." *Id.* The declarant described its search for telephone records as follows:

7

> Special Agent Peter Krusing, the Chief Division Counsel of the St. Louis Field Office, personally conducted a complete review of all the documents contained in the St. Louis file 245B-SL-5 in an effort to locate the specific telephone toll records sought by plaintiff. Concurrently, a Legal Administrative Specialist in the FOIPA Litigation Support Unit at FBIHQ also personally conducted a complete review of all of the documents contained in the copy of the St. Louis file 245B-SL-5 that was used in the processing of plaintiff's FOIPA request. Both of these reviews determined that the specific telephone toll records sought by plaintiff are not contained in this St. Louis file.

First Hardy Decl. ¶ 30. Nor were telephone toll records located in Serials 1A104 through 1A132, as plaintiff had suggested. *Id.* ¶ 40; *see* Plaintiff's Opposition to Defendant's Motion for Enlargement of Time [#11] ¶ 9. The only records that did refer to telephone number (314) 355-6721 were released to plaintiff. First Hardy Decl., Ex. P. These pages included correspondence between the St. Louis Field Office and Southwestern Bell, a form regarding the FBI's acquisition of subscriber information and long distance toll records, and other documents pertaining to the subpoena.[3] *Id.* ¶ 33. Plaintiff challenges the FBI's inability to locate the actual telephone toll records.

The declarant explains that, during the course of a criminal investigation, the FBI obtains many different types of records. First Hardy Decl. ¶ 37. Not all of these records are deemed to contain information of investigative or evidentiary value. *Id.* Those records that "are not useful to the furtherance of the criminal investigation or are not of evidentiary value [] are not retained by the FBI and [are not] filed in the main file of the criminal investigation." *Id.* ¶ 38. Although the St. Louis file contains documentary evidence that suggests the FBI obtained telephone toll

---

[3] References to plaintiff's second telephone number, (314) 741-3341, in St. Louis file 245B-SL-5 were "in relation to this telephone number being called from another telephone number on which a pen register was installed." Defendant's Reply to Plaintiff's Opposition to Summary Judgment, Second Declaration of David M. Hardy ("Second Hardy Decl.") ¶ 14. A review of the file, however, "did not locate documentary evidence that the FBI ever attempted to obtain any telephone toll records for this telephone number." *Id.*

records for telephone number (314) 355-6721, the declarant explains that "there is no documentary evidence that these records were subsequently retained and filed in the St. Louis main file concerning this Narcotics investigation." *Id.*

Plaintiff dismisses the declarant's explanation as "plain speculation rather than specific facts regarding the location of the toll-records." Plaintiff's Motion in Opposition to Summary Judgment at 4. In plaintiff's view, the FBI's inability to locate any telephone toll records in the St. Louis file demonstrates that the agency failed to meet its obligation to conduct a reasonable search for responsive records. *Id.* The declarant counters that his explanation is "the most logical and probable explanation to be deduced from the documentary evidence available in the St. Louis file inasmuch as there is no documentary evidence within this file as to whether these toll records were either subsequently retained, returned to Southwestern Bell Telephone Company or destroyed by the FBI." Defendant's Reply to Plaintiff's Opposition to Summary Judgment, Second Declaration of David M. Hardy ("Second Hardy Decl.") ¶ 25.

The Court concludes that the FBI conducted an adequate search for the requested telephone toll records. The declarant explains that FBIHQ and the St. Louis Field Office searched the CRS to identify any files responsive to plaintiff's request, and then conducted a manual search of the St. Louis file. These searches were reasonable under the circumstances. The FBI's inability to locate the requested toll records does not undermine the reasonableness of its search. *See Meeropol v. Meese*, 252 U.S. App. D.C. 381, 391-92, 790 F.2d 942, 952-53 (D.C. Cir. 1986) (search not presumed unreasonable simply for failure to produce all relevant records); *Rothschild v. Dep't of Energy*, 6 F. Supp. 2d 38, 40 (D.D.C. 1998) (noting "[p]erfection [] is not the standard" for determining the adequacy of agency's search). Our case law does not require an agency like the FBI "to document the fate of documents it cannot find." *Roberts v. United*

9

*States Dep't of Justice*, 1995 WL 356320, *2 (D.D.C. Jan. 28, 1993). Moreover, "[t]he fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it." *Miller v. United States Dep't of State*, 779 F.2d 1378, 1385 (8th Cir. 1985). The FBI "is not required by the Act to account for documents which the requester has in some way identified if it has made a diligent search for those documents in the places in which they might be expected to be found." *Id*. at 1385. The FBI's manual search of the St. Louis file was reasonable, irrespective of its ability to locate the specific telephone toll records identified by the plaintiff.

        3.    <u>Search for Records Pertaining to Doris Lewis Bey</u>

Plaintiff requested records pertaining to Doris Lewis Bey maintained in St. Louis file number 245B-SL-5. Am. Compl. ¶ 5. A search of the CRS indices at the St. Louis Field Office found Ms. Lewis Bey "indexed to Serials 70 and 71 of . . . file number 245B-SL-5." Both serials were then forwarded to FBIHQ for processing. Third Hardy Decl. ¶ 33. Serial 70 "pertain[ed] to information furnished to the FBI by the Lambert-St. Louis International Airport Police Department" concerning Ms. Lewis Bey's employment at the Aeroplex Corporation in November 1984. *Id.* ¶ 35. Portions of these two pages were released to plaintiff. *Id.*, Ex. Y (copies of redacted documents pertaining to Doris Bey released to plaintiff). Serial 71 "pertain[ed] to information furnished to the FBI by the St. Louis Police Department concerning the November 9, 1984 arrest of plaintiff and Ms. Lewis Bey on charges of general peace disturbance. *Id.* ¶ 36. These 11 pages were released to plaintiff. *Id.* n.2 & Ex. Y.

Plaintiff "accepts defendant['s] representation that there [are] no more records in file 245B-5 to be released" pertaining to Doris Lewis Bey. Plaintiff's Motion in Opposition to

Defendant's Second Motion for Entry of Summary Motion [#30] at 3. The Court will therefore treat this as conceded.

4. Search for Records Pertaining to Tonya Timmons

FBIHQ initially limited the scope of its search to Springfield file number 72-SI-46052 pursuant to plaintiff's November 29, 2003 letter.[4] *See* Third Hardy Decl. ¶ 37 & Ex. M. Plaintiff's Complaint, however, refers only to Ms. Timmons' April 9, 2004 request, in which Ms. Timmons requested the disclosure – to the plaintiff – of information contained in St. Louis file number 245B-SL-5 that pertained to her. Compl. ¶ 6; *see also* Plaintiff's Motion in Opposition to Defendant's Second Motion for Entry of Summary Motion [#30] at 3-4, 9-10. Accordingly, "all documents contained in the St. Louis Office file [] were manually reviewed [by the FBI] to locate any document concerning Tonya Lewis Bey, under that name or any of her previous names." Fourth Hardy Decl. ¶ 10. The FBI's search yielded 639 pages of records pertaining to Ms. Lewis Bey, her relationship with plaintiff, her telephone toll records, results of a pen register placed on telephone number (314) 741-3118, and physical surveillance of the apartment that she shared with plaintiff, which was located at 11882 San Remo in St. Louis. *Id.* Copies of these redacted pages were released to plaintiff. *Id.* ¶ 12 & Ex. A (copies of redacted documents pertaining to Tonya Timmons released to plaintiff).

Plaintiff's only challenge to the adequacy of the FBI's search is his assertion that "there exist FBI surveillance airplane records and surveillance photos of plaintiff and his then girlfriend, Tonya Brown Bey," which were not located by the FBI. Plaintiff's Motion in Opposition to Defendant's Motion for Entry of Summary Motion [#39] at 2. He also notes that

---

[4] Ms. Timmons was indexed as a subject of Springfield file number 72-SI-46052, which pertains to a 1993 investigation of plaintiff and Ms. Timmons on potential charges of obstruction of justice. Third Hardy Decl. ¶¶ 38-39. All pages of this 99-page file were released in part to plaintiff. *Id.* ¶ 39.

11

"there exist video tapes of plaintiff and Tonya Brown Bey." *Id*. Plaintiff claims that "[i]t's clear there has not been a thorough and complete search and review of all the documents contained in [the] St. Louis office file . . . [because there are] records showing the surveillance photographs were in this file and [were] in fact processed at FBIHQ." *See* Plaintiff's Motion in Opposition to Defendant's Motion for Entry of Summary Motion [#42] at 3. In sum, plaintiff argues that the FBI's search must have been inadequate if it failed to uncover any surveillance airplane records, surveillance photographs or surveillance videotapes. Plaintiff urges the Court to deny defendant's motion based on the FBI's failure to locate these items.

Despite the FBI's inability to locate these specific surveillance records, the Court concludes that the FBI's search was adequate. While plaintiff is correct that the released records do indicate that investigators conducted surveillance of plaintiff and Ms. Timmons, *see* Plt.'s Mot. in Opp'n [#39], evidence that such activities occurred, without more, does not demonstrate that surveillance records, photographs or videotapes are maintained in St. Louis file number 245B-SL-5. As previously noted, FOIA does not require an agency to "account for documents which the requester has in some way identified if it has made a diligent search for those documents in the places in which they might be expected to be found." *Miller*, 779 F.2d at 1385. The declarant demonstrates that "[e]ach line of each page" of the St. Louis file has been searched manually, and that no surveillance records pertaining to plaintiff or Ms. Timmons were located. *See* Defendant's Reply to Plaintiff's Motion in Opposition to Defendant's Fourth Motion for Summary Judgment, Fifth Declaration of David M. Hardy ("Fifth Hardy Decl.") ¶ 7; Defendant's Reply to Plaintiff's Motion in Opposition to Defendant's Fourth Motion for Summary Judgment, Sixth Declaration of David M. Hardy ("Sixth Hardy Decl.") ¶¶ 8-9, 11. Indeed, the declarant explains that "the only surveillance photographs in this file are photographs

of . . . another subject of [the FBI's] investigation." Sixth Hardy Decl. ¶ 9.  None of the surveillance photographs pertain to plaintiff or Ms. Timmons.  *Id*. ¶ 9.  Plaintiff's argument that these records should be located in the St. Louis file is nothing more than speculation. Speculation as to the existence of additional responsive records, however, is insufficient to defeat summary judgment and does not rebut the presumption of good faith accorded to an agency's representations.  *See SafeCard Servs., Inc. v. Securities and Exchange Comm'n*, 288 U.S. App. D.C. 324, 328, 926 F.2d 1197, 1201 (D.C. Cir. 1991) ("[M]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search.").  The Court therefore concludes that the FBI has "fulfilled its burden of conducting a search reasonably calculated to discover the documents requested."  *SafeCard Servs.*, 288 U.S. App. D.C. at 329, 926 F.2d at 1202.

### C. Exemptions

FBIHQ withheld information from records pertaining to Doris Lewis Bey under Exemptions 2, 6, 7(C), 7(D), *see* Third Hardy Decl. ¶¶ 41-86, and withheld information from records pertaining to Tonya Timmons under Exemptions 3, 6 and 7(C).  *See* Fourth Hardy Decl. ¶¶ 16-48.  The Court has reviewed defendant's supporting declarations and copies of the redacted records released to plaintiff, and concludes that FBIHQ properly withheld information under these claimed exemptions.  Furthermore, because plaintiff raised no objection to these withholdings, the Court treats these matters as conceded.  *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 322 U.S. App. D.C. 35, 40, 101 F.3d 145, 150 (D.C. Cir. 1996); LCvR 7(h), 56.1.  Plaintiff has not pointed to affirmative evidence showing disputed material facts as to these claimed exemptions, and the Court will therefore enter summary judgment for defendant on these claims.  *See Anderson*, *supra*.

*D.  Segregability*

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions.  *See Trans-Pacific Policing Agreement v. United States Customs Serv.*, 336 U.S. App. D.C. 189, 195, 177 F.3d 1022, 1028 (D.C. Cir. 1999); 5 U.S.C. § 552(b).  The Court errs if it fails to make a segregability finding. *See Kimberlin v. Dep't of Justice*, 139 F.3d 944, 950 (D.C. Cir. 1998).

Defendant has submitted copies of the redacted records pertaining to Doris Lewis Bey and Tonya Timmons that were released to plaintiff.  *See* Third Hardy Decl., Ex. Y; Fourth Hardy Decl., Ex. A.  Where information is withheld, there is a coded designation corresponding to a claimed exemption.  *See* Third Hardy Decl. ¶ 42 & Fourth Hardy Decl. ¶ 13 (summaries of justification categories).  Having reviewed these submissions, the Court concludes that defendant has withheld only the exempt information, and has released all segregable information.

### III.  CONCLUSION

The Court concludes that defendant conducted adequate searches for responsive records that were reasonable under the circumstances, and that all withheld information falls within the scope of the exemptions claimed.  All segregable information has been released to plaintiff.  Accordingly, the Court will grant defendant's motions for summary judgment.  An Order consistent with this Memorandum Opinion will be issued on this same date.

**DATE: March 26, 2007**                                                **JOHN GARRETT PENN**
                                                                **United States District Judge**